Brian HOLTZLEITER, Appellant–
Respondent,

v.

Angela HOLTZLEITER,
Appellee–Petitioner.

No. 48A02–1006–DR–736.

Court of Appeals of Indiana.

Feb. 25, 2011.

Jason A. Childers, Angela W. Sims, Hulse Lacey Hardacre Austin Sims & Childers, P.C., Anderson, IN, Attorneys for Appellant.

David W. Stone IV, Stone Law Office & Legal Research, Anderson, IN, Attorney for Appellee.

## OPINION

CRONE, Judge.

### Case Summary and Issues

Brian Holtzleiter ("Father") and Angela Holtzleiter ("Mother") divorced, and Mother was awarded physical custody of their two children. Father was granted parenting time and ordered to pay child support. At the time of the divorce, Mother was unemployed, while Father was employed and earning almost $90,000 per year. Thereafter, Mother got a job. Father lost his job and took a new job earning just under $60,000. Father remarried and had a child with his new spouse, who was employed.

More than a year after the divorce decree was issued, Father filed a petition to modify child support, alleging that there had been a substantial and continuing change in circumstances that rendered his child support obligation unreasonable. He submitted a child support worksheet to the trial court that indicated that his current support obligation was 43.5% greater than what would be required under the Indiana Child Support Guidelines ("the Guidelines"). Following a hearing, the trial court issued an order, in which it observed that a child support order could be modified if (1) there had been a substantial and continuing change in circumstances so as to make the terms of the current support order unreasonable; *or* (2) the current support obligation was 20% different from what would be required under the Guidelines and it had been at least a year since the support order was issued. The trial court found that Father sought to modify child support based on (1) and concluded that although there had been a substantial and continuing change in circumstances, Father's current child support obligation was not unreasonable and denied his petition.

Father appeals, arguing that he is entitled to modification of child support under both (1) and (2) above. Mother asserts that Father waived his argument as to (2). We conclude that Father has not waived his argument that he is entitled to modification of child support under (2) and that its requirements have been satisfied. Therefore, we reverse the trial court's de-

nial of his petition to modify child support and remand for the issuance of a new child support order.

**Facts and Procedural History[1]**

Father and Mother were married on September 29, 2001, and had two children: A1.H., born January 29, 2004, and As.H., born March 27, 2007. On August 22, 2008, the parties divorced. Pursuant to the divorce decree, Mother was awarded primary physical custody of the children, with Father to exercise parenting time pursuant to the Indiana Parenting Time Guidelines. As to Father's child support obligation, the trial court found that Father had a yearly income of $89,239, or a weekly gross income of $1716. Because Mother was unemployed as she had elected to stay home to care for the young children, the trial court imputed income to her equal to minimum wage, or $234 per week. After adjusting for overnight parenting time credits, the trial court ordered Father to pay child support in the amount of $317 per week.

On September 24, 2009, Father filed a petition to modify child support, amended on April 8, 2010, which stated in relevant part as follows:

2. That since the date of the Decree, there has occurred an ongoing and substantial change in circumstances warranting a modification of the child support.

3. More specifically, since the date of the Decree, Mother is now employed; Father has had a subsequent child and said subsequent child has had and will need ongoing medical treatment that has and will continue to result in a significant financial hardship to Father; [A1.H.] is no longer in preschool/daycare as previously calculated in the support

amount; and Father has been relocated to Ft. Wayne for his job and as a result will be earning less income.

Appellant's App. at 32.

On April 23, 2010, the trial court held a hearing on Father's petition. At the conclusion of the hearing, the trial court informed the parties that each could file a post-hearing brief. In Mother's post-hearing brief, she argued that in determining Father's income for purposes of calculating his child support, his commuting cost should not be considered but his $15,000 relocation bonus and his current wife's income should be. She also argued that he should contribute to the costs of the children's daycare as part of his support obligation. In his post-hearing brief, Father argued that the trial court should not impute additional income to him due to his current wife's income because there was no evidence that her income reduced his costs for food, housing, and utilities.

On June 1, 2010, the trial court issued its order on Father's petition to modify, which states in relevant part:

Indiana Code § 31–16–8–1 allows a child support order to be modified or revoked (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or (2) upon a showing that the current support order differs by more than twenty (20%) percent from the amount that would be ordered under the Child Support Guidelines, and the order requested to be modified was issued at least twelve (12) months prior to the petition to modify. [Father] sought to modify the support order by asserting that changes in circumstances made the current order unreasonable.

1. We direct Father's attorney to Indiana Appellate Rule 50(F), which provides, "Because the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix."

In this case, the Court finds that there have been changes in circumstances. However, the evidence did not show that those changes rendered the current support order unreasonable. As a result, [Father's] Petition to Modify is DENIED.

*Id.* at 13.

### Discussion and Decision

■ Father appeals the trial court's denial of his petition to modify child support. The trial court in this case issued a general judgment, which will be affirmed if it can be sustained on any legal theory consistent with the evidence. *Borum v. Owens,* 852 N.E.2d 966, 969 (Ind.Ct.App. 2006). As we review the judgment, we neither reweigh the evidence nor judge the credibility of witnesses and consider only the evidence most favorable to the judgment and all reasonable inferences drawn therefrom. *Helmuth v. Distance Learning Sys. Ind., Inc.,* 837 N.E.2d 1085, 1089 (Ind.Ct.App.2005).

■ In reviewing the trial court's decision regarding the modification of child support, we reverse only for an abuse of discretion. *In re Marriage of Kraft,* 868 N.E.2d 1181, 1185 (Ind.Ct.App.2007). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. *In re Paternity of E.M.P.,* 722 N.E.2d 349, 351 (Ind.Ct.App.2000). Whether the standard of review is phrased as "abuse of discretion" or "clear error," the importance of first-person observation and preventing disruption to the family setting justifies deference to the trial court. *MacLafferty v. MacLafferty,* 829 N.E.2d 938, 940–41 (Ind.2005).

Modification of child support is governed by Indiana Code Section 31–16–8–1, which states,

Provisions of an order with respect to child support ... may be modified or revoked. Except as provided in section 2 of this chapter, modification may be made only:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

(2) upon a showing that:

(A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

(B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

The party seeking to modify a child support order bears the burden of establishing that the requirements of Section 31–16–8–1 have been met. *Saalfrank v. Saalfrank,* 899 N.E.2d 671, 675 (Ind.Ct.App. 2008).

Father asserts that he met his burden under both subsections (1) and (2), but we need only address his argument as to subsection (2). The twelve-month requirement is clearly met because the divorce decree was issued on August 22, 2008, and Father filed his petition to modify child support on September 24, 2009. As for the requirement that Father's current child support obligation be at least 20% more than the amount that would be ordered by applying the Guidelines, Father submitted a child support worksheet, which proposes that his child support obligation should be $178.89 per week. Appellant's App. at 98; Respondent's Ex. D. Father's current support obligation of $317 per week is 43.5% more than what it would be according to his child support worksheet. By submitting his child support

worksheet, Father made a prima facie showing that he met the requirements of subsection (2)(A).

█ However, Mother contends that Father did not specifically argue to the trial court that he was entitled to modification of child support based on subsection (2) and therefore has failed to preserve that argument for appellate review. *See GKC Ind. Theatres, Inc. v. Elk Retail Investors, LLC,* 764 N.E.2d 647, 651 (Ind.Ct. App.2002) ("[A]n argument or issue not presented to the trial court is generally waived for appellate review."). In *Hay v. Hay,* 730 N.E.2d 787, 794 (Ind.Ct.App. 2000), another panel of this court summarily concluded that the appellant waived his argument that his child support obligation should be modified pursuant to subsection (2) because he failed to make that argument to the trial court. We respectfully disagree with our colleagues' approach.

We observe that the trial court is presumed to know the law and apply it correctly. *In re H.M.C.,* 876 N.E.2d 805, 808 (Ind.Ct.App.2007), *trans. denied* (2008). As such, the trial court is presumed to be aware of both subsections of Section 31–16–8–1. Subsections (1) and (2) are not mutually exclusive; in some circumstances the requirements of both subsections will be satisfied. In other cases, subsection (1) may be satisfied even though subsection (2) is not. Indeed, subsection (2) is a bright-line test set forth by the legislature

that establishes conclusively when a current support order is eligible for modification. In other words, subsection (2) creates a subset of support orders that are subject to modification upon the satisfaction of its mathematical prerequisites. We think that where, as here, a party submits a child support worksheet that on its face indicates that his or her current support obligation is 20% more than the amount that would be ordered by applying the Guidelines, the trial court and the opposing party have been provided with sufficient notice that subsection (2) has been called into play. When the evidence adduced at the hearing supports the child support worksheet that was submitted, the opposing party is not prejudiced by the petitioner's failure to specifically cite subsection (2) as the basis for the modification of child support.[2] Given the bright-line test set forth in subsection (2), we can discern no basis for punishing someone with a support order that otherwise statutorily qualifies for modification simply because the party failed to utter the magic words. The Guidelines are not meant to be a trap for the unwary but are intended to lead the way to a fair result in a complicated area of law. Accordingly, in our view Father did not waive his argument under Section 31–16–8–1(2).

█ Turning now to the merits, Father's child support worksheet shows that his weekly gross income is $1154 and Mother's is $476.[3] Appellant's App. at 98;

---

2. As to providing notice to the trial court and the opposing party, any matter relevant to consideration pursuant to subsection (2) would necessarily be pertinent to consideration under subsection (1).

3. Mother contends that the trial court may take into account the income of Father's current wife in determining whether a child support modification was proper. Appellee's Br. at 7. Because we conclude that Father did not waive his argument regarding Indiana Code

Section 31–16–8–1(2), we need not address Mother's argument on this point. As to whether Father's current wife's income can be considered in determining Father's weekly gross income, we observe that the "income of the spouses of the parties is *not* included in Weekly Gross Income." Ind. Child Support Guideline 3(A), Cmt. 2 (emphasis added). However, the Guidelines also provide as follows:

Whether or not income should be imputed to a parent whose living expenses have

Respondent's Ex. D. Mother concedes that her gross weekly income is $476, and the record contains evidence to support Father's asserted weekly gross income of $1154. Father's child support worksheet also shows that he took a credit for one subsequent child and a parenting time credit for ninety-eight overnights. The result is a child support obligation of $178.89 per week. The current child support obligation of $371 deviates by more than 20% from what would be ordered by applying the Guidelines. Under the logic and effect of the facts and circumstances, the trial court's denial of Father's petition to modify is an abuse of discretion, and accordingly we reverse.

Because the trial court denied Father's petition to modify on the basis of Indiana Code Section 31–16–8–1(1) and we are reversing the trial court's order on the basis of subsection (2), some additional issues require attention. First, we note that a trial court may deviate from the Guidelines if it concludes that the imposition of the Guidelines would be unjust, but the trial court must make findings of fact articulating the reason for this conclusion. Ind. Child Support Rule 3. Therefore, on remand, the trial court may make appropriate findings, if necessary, and adjust the child support order accordingly.

■■■ Second, Mother argues that Father's $15,000 relocation bonus should be considered in determining Father's child support obligation. We agree. "Child support awards under the Guidelines are designed to provide the children as closely as possible with the same standard of living they would have enjoyed had the marriage not been dissolved." *Payton v. Payton,* 847 N.E.2d 251, 253 (Ind.Ct.App. 2006); *see also Freese v. Burns,* 771 N.E.2d 697, 702 (Ind.Ct.App.2002) ("The purpose of the Guidelines is to provide for the child in the same manner as if the parties had not divorced."), *trans. denied* (2003). This Court has observed,

> In determining parents' income in the child support guideline calculation, the definition of weekly gross income is broadly defined to include not only actual income from employment, but also potential income and imputed income from in-kind benefits. While a very fact-sensitive determination, *irregular income may be included* in the total income approach taken by the Guidelines. Furthermore, the Guidelines urge judges and practitioners to find ways to include income that would have benefited the family had it remained intact, as well as to be receptive to deviations where reasons justify them.

*Knisely v. Forte,* 875 N.E.2d 335, 340 (Ind. Ct.App.2007) (emphasis added) (citations and quotation marks omitted).

been substantially reduced due to financial resources other than the parent's own earning capabilities is also a fact-sensitive situation requiring careful consideration of the evidence in each case. It may be inappropriate to include as gross income occasional gifts received. However, *regular and continuing payments* made by a family member, *subsequent spouse,* roommate or live-in friend *that reduce the parent's costs for rent, utilities, or groceries, may be the basis for imputing income.* The marriage of a parent to a spouse with sufficient affluence to obviate the necessity for the parent

to work may give rise to a situation where either potential income or imputed income or both should be considered in arriving at gross income.

Ind. Child Support Guideline 3(A), Cmt. 2(d) (emphases added). Although Mother baldly asserts that Father's current wife pays a portion of his housing expenses, Mother does not cite evidence in the record that establishes the extent to which Father's current wife reduces his costs for rent, utilities, or groceries. Therefore, no basis exists from which the income of Father's current wife could be used to impute income to Father.

Specifically, the commentary to the Guidelines provides:

> There are numerous forms of income that are irregular or nonguaranteed, which cause difficulty in accurately determining the gross income of a party. Overtime, commissions, bonuses, periodic partnership distributions, voluntary extra work and extra hours worked by a professional are all illustrations, but far from an all-inclusive list, of such items. Each is includable in the total income approach taken by the Guidelines, but each is also very fact-sensitive.
>
> . . . .
>
> When the court determines that it is not appropriate to include irregular income in the determination of the child support obligation, the court should express its reasons. When the court determines that it is appropriate to include irregular income, an equitable method of treating such income may be to require the obligor to pay a fixed percentage of overtime, bonuses, etc., in child support on a periodic but predetermined basis (weekly, bi-weekly, monthly, quarterly) rather than by the process of determining the average of the irregular income by past history and including it in the obligor's gross income calculation.
>
> One method of treating irregular income is to determine the ratio of the basic child support obligation (line 4 of the worksheet) to the combined weekly adjusted income (line 3 of the worksheet) and apply this ratio to the irregular income during a fixed period. For example, if the basic obligation was $110.00 and the combined income was $650.00, the ratio would be .169 ($110.00 / $650.00). The order of the court would then require the obligor to make a lump

sum payment of .169 of the obligor's irregular income received during the fixed period.

Ind. Child Support Guideline 3(A), Cmt. 2(b).

Father received a $15,000 relocation bonus in two installments, but we note that he did not actually move his residence to take his new job. The bonus was therefore available for other purposes, and Mother and Father's children should benefit from it as they would have if the family had remained intact. Therefore, the trial court would be within its discretion to consider the relocation bonus in determining Father's child support. *See Knisely,* 875 N.E.2d at 340 (concluding that trial court did not abuse its discretion in considering parent's one-time settlement agreement when calculating his child support obligations); *Harris v. Harris,* 800 N.E.2d 930, 939 (Ind.Ct.App.2003) (concluding that even though settlement award is a one-time payment, it is irregular income, which the trial court may consider in its determination of child support), *trans. denied* (2004). If the Guidelines' manner of treating irregular income is applied to Father's $15,000 relocation bonus, the resulting child support due to the children is $2175.[4]

■ Finally, Mother asserts that her child care expenses have increased from $16 per week at the time of the dissolution to $100 per week due to her employment outside the home. Our review of the record shows that there is evidence to support Mother's assertion that she had work-related child care expenses of $100 per week. Tr. at 46, 48. Mother urges us to deduct the additional $84 per week in child care costs from her weekly income. However, the Guidelines specifically address the

---

4. Father's basic child support obligation divided by the combined weekly adjusted income yields a ratio of .145. ($224.82/$1554.99 = .145). Applying that ratio to his $15,000 relocation bonus, the result is $2175 ($15,000 × .145 = $2175).

treatment of weekly work-related child care expenses. Child Support Guideline 3(E) provides that "[c]hild care costs incurred due to employment or job search of both parent(s) should be added to the basic obligation. It includes the separate cost of a sitter, day care, or like care of a child or children while the parent works or actively seeks employment." The commentary to the Guidelines indicates that work-related child care expenses are added to the basic support obligation in arriving at the total child support obligation. Ind. Child Support Guideline 3(E), Cmt. 1. Assuming that Mother still incurs work-related child care expenses of $100 per week, and we add $100 to the basic child support obligation on the child support worksheet, Father's child support obligation is $248.28, which is 22% greater than his current support obligation.

In sum, we conclude that under any reasonable application of the facts of this case to the Guidelines, Father has met the requirements of Indiana Code Section 31–16–8–1(2),[5] and therefore we reverse the trial court's denial of Father's petition to modify child support. We remand for a new child support order consistent with this opinion.

Reversed and remanded.

KIRSCH, J., and BRADFORD, J., concur.

---

**5.** Our calculations with regard to Father's relocation bonus and Mother's child care expenses have been done to show that even if the trial court adopted Mother's positions, Father's child support obligation still exceeds 20% of the amount that would be ordered if the Guidelines were applied. We do not intend to suggest that the trial court does not have discretion to review these matters on remand.