Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 08 2014, 7:53 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**MICHAEL A. NEY**
Seattle, Washington

APPELLEE PRO SE:

**SUSAN A. NEY**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL A. NEY, | ) | |
| | ) | |
| Appellant/Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1309-DR-836 |
| | ) | |
| SUSAN A. NEY (BEERY), | ) | |
| | ) | |
| Appellee/Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David J. Dreyer, Judge
Cause No. 49D10-0804-DR-18677

**April 8, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Michael A. Ney ("Father"), pro se, appeals the trial court's denial of his motion to decrease his child-support obligation. Finding that the trial court did not err in concluding that Father had not shown a substantial and continuing change in circumstances warranting modification of his child-support obligation, we affirm.

**Facts and Procedural History**

Father and Susan A. Ney ("Mother"), parents of three sons, divorced in 2008. The parties have litigated child-support and parenting-time issues almost continuously since that time. *See* Appellant's App. p. 44-65 (CCS). In 2010 the trial court approved the parties' agreement regarding, among other things, college expenses and the cost of transporting the children to see Father, who had moved out of state. The agreement provided:

> Transportation Costs: Any time Father is in Indiana he shall pay all of the costs of his travel to spend time with the children. Father will pay for transportation of the children when he has them for [holidays].
>
> Post-Secondary Education Expenses: The parties agree that each of the children shall be responsible for contributing one-third of the cost of their post-secondary education after the allocation of their [college-fund] account owned by the parents jointly . . . . [T]he remaining costs of each child's [] college education . . . shall be divided between the parties, with Mother and Father each paying one-half of the remaining costs.

Appellee's App. p. 4-7, 9-11 (formatting altered). In 2013 Father filed a petition to decrease his child-support obligation.[1] Appellant's App. p. 41 (CCS).

---

[1] Mother filed a motion to dismiss one issue raised by Father in his modification petition— repayment of certain funds withdrawn by Father from the children's college-fund accounts. The trial court granted Mother's motion to dismiss as to that issue. Father does not challenge that ruling on appeal.

The trial court held a hearing on Father's petition in May 2013. At the hearing, Father explained that he sought to modify the 2010 agreement so that the children would pay twenty-five percent of their college expenses, with Father paying forty percent and Mother paying sixty percent of the remainder. Tr. p. 42-43. Father also testified that he had spent $2000 to fly his children to Seattle since moving there which put him "in a difficult position" financially. *Id.* at 47, 57.

Father said that he "was in a desperate financial situation for quite some time" until he found employment as an engineer in Seattle. *Id.* at 36, 40. He told the court that he had credit-card and income-tax debt, lived in an expensive apartment, and might have to file for bankruptcy. *Id.* at 47, 52, 65. At the time of the hearing, Father's weekly income was $2079, for an annual salary of approximately $108,000. *Id.* at 55. Father admitted that his income had increased significantly since 2010—his adjusted gross income for 2010 was $37,000, compared to $147,057 in 2012. *Id.* at 62-64.

The trial court denied Father's request to decrease his child-support obligation. Appellant's Br. p. 20.[2] The court concluded that Father had not shown a substantial and continuing change in circumstances warranting modification. *Id.* The court also ordered Father to pay Mother $500 in legal fees. Father filed a motion to correct error, which was denied.

Father now appeals.

---

[2] The parties correctly included a copy of the appealed order in their briefs as required by Indiana Appellate Rule 46(A)(10). However, neither party included a copy of the appealed order in their appendices as required by Indiana Appellate Rule 50(2)(b).

**Discussion and Decision**

Father challenges the trial court's denial of his request to modify his child-support obligation.[3]

We will reverse a trial court's decision regarding child-support modifications only if the trial court abuses its discretion. *Holtzleiter v. Holtzleiter*, 944 N.E.2d 502, 505 (Ind. Ct. App. 2011) (citation omitted). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. *Id.* (citation omitted). "Whether the standard of review is phrased as 'abuse of discretion' or 'clear error,' the importance of first-person observation and preventing disruption to the family setting justifies deference to the trial court." *Id.* (citation omitted).

Generally, child-support obligations are modifiable whether they are court-ordered or the result of parties' agreements. *See Hay v. Hay*, 730 N.E.2d 787, 791 (Ind. Ct. App. 2000). Modification is governed by Indiana Code section 31-16-8-1, which states:

> (a) Provisions of an order with respect to child support . . . may be modified or revoked.
> (b) Except as provided in section 2[4] of this chapter, modification may be made only:
>> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
>> (2) upon a showing that:
>>> (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from

---

[3] Father also takes issue with the trial court's refusal to extend the May 2013 hearing to hear additional evidence, which he claims violated his "constitutional right of due process . . . and equal protection." Appellant's Br. p. 14-15. Indiana Appellate Rule 46(A)(8)(a) requires Father to support this contention with cogent reasoning and appropriate citation, and he fails to do so. He has therefore waived this issue.

[4] Section 2 pertains to health insurance.

4

the amount that would be ordered by applying the child support guidelines; and

(B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

The party seeking to modify a child-support order bears the burden of establishing that these requirements have been met. *Holtzleiter*, 944 N.E.2d at 505.

Here, the trial court found that Father had not shown a substantial and continuing change in circumstances warranting modification. Father appears to be under the impression that the trial court somehow altered his child-support obligation, but that is incorrect. *See* Appellant's Br. p. 14, 16-18 (stating that the trial court deviated from the child-support guidelines). When the trial court denied Father's modification petition, the court left the parties' child-support obligations unchanged. The only issue before this Court is whether the trial court erred in determining that Father was not entitled to a modification.

Father sought to modify the parties' agreement so that the children would pay twenty-five percent of their college expenses, and he would pay forty percent of the remainder—instead of the equal split with Mother he agreed to in 2010. Father also sought to reallocate the costs of transporting the children to see him in Seattle, despite agreeing to pay those costs in 2010. And although Father painted a bleak picture of his finances, testifying that he had credit-card and income-tax debt, lived in an expensive apartment, and might file for bankruptcy, he also admitted that his income had nearly tripled since the 2010 agreement. Having heard this evidence, the trial court denied Father's request to decrease his child-support obligation.

On appeal, Father lodges a number of complaints about Mother's conduct and her "affluent" lifestyle. *Id.* at 15-18. But this is not legal analysis,[5] and Father does not explain how Mother's lifestyle choices entitle him to a child-support modification. As for his own financial circumstances, Father repeats the financial-hardship claims that he made to the trial court, arguing that "to say no significant change occurred is very absurd." *Id.* at 16. This is an invitation to reweigh the evidence heard by the trial court, which we will not do.

We conclude that the trial court did not err in denying Father's request to modify his child-support obligation.[6]

Affirmed.

NAJAM, J., and BROWN, J., concur.

---

[5] Although proceeding pro se, Father is held to the same standard as trained legal counsel. *See Goossens v. Goossens*, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005).

[6] At the close of his Appellant's Brief, Father "requests that the [trial court's] order be voided with regard to college expenses[,] support[,] and legal fees." Appellant's Br. p. 19. As stated earlier, the trial court ordered Father to pay Mother $500 in legal fees. But Father cites no case law and makes no argument that would allow us to find that the $500 award was error. We affirm the trial court in all respects.

6