**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT *PRO SE*:

**THOMAS M. SLAATS**
Newburgh, Indiana



FILED
May 15 2014, 9:46 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS M. SLAATS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 87A01-1311-DR-503 |
| | ) | |
| SALLY E. SLAATS | ) | |
| n/k/a SALLY E. JAGGERS-WEBER, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE WARRICK SUPERIOR COURT
The Honorable Jeffrey F. Meade, Special Judge
Cause No. 87D01-0602-DR-74

**May 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant Thomas M. Slaats ("Father") and Appellee Sally E. Slaats n/k/a Sally E. Jaggers-Weber ("Mother") were married on July 14, 1997. They divorced in May of 2006. Three children were born during the course of the parties' marriage. On February 5, 2013, Mother filed a verified petition seeking the modification of Father's child support obligation. The trial court granted Mother's request in an order dated August 15, 2013. On appeal, Father contends that the trial court abused its discretion in granting Mother's request to modify his child support obligation. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Father and Mother were married on July 14, 1997. Father and Mother divorced in May of 2006. Three children were born during the course of the parties' marriage.

In October of 2009, Father filed a request for the modification of his child support obligation. Following a hearing and in light of Father's tenuous financial situation at the time, the trial court issued an order on July 1, 2010, in which the trial court ordered Father to pay $199.00 in child support each week. The trial court subsequently issued a corrected order which set Father's child support obligation at $122.00 per week.

On February 5, 2013, Mother filed a verified petition seeking the modification of Father's child support obligation. In her petition, Mother alleged that there had been a significant change in circumstances, that being a substantial increase in Father's income. In support of her claim, Mother filed a proposed child support worksheet to which she attached additional supporting documentation. Father subsequently filed a competing petition for a

2

modification of his child support obligation. In his petition, Father alleged that there had

been a significant change in the income of both of the parties.[1]

On August 15, 2013, following an evidentiary hearing, the trial court issued an order

in which it granted Mother's petition to modify Father's child support obligation.[2] In

granting Mother's petition, the trial court adopted Mother's proposed child support

worksheet and set Father's child support obligation at $268.00 per week. Father

subsequently filed a motion to correct error which has since been deemed denied by the trial

court. This appeal follows.

## DISCUSSION AND DECISION[3]

Initially we note that Mother did not file an Appellee's Brief.

When an appellee fails to file a brief, we apply a less stringent standard of
review. *McKinney v. McKinney*, 820 N.E.2d 682, 685 (Ind. Ct. App. 2005).
We are under no obligation to undertake the burden of developing an argument
for the appellee. *Id*. We may, therefore, reverse the trial court if the appellant
establishes prima facie error. *Id*. "Prima facie" is defined as "at first sight, on
first appearance, or on the face of it." *Id*.

*Deckard v. Deckard*, 841 N.E.2d 194, 199 (Ind. Ct. App. 2006).

Father appeals the modification of his child support obligation following the denial of

his motion to correct error. "We review the denial of a motion to correct error for an abuse

---

[1] Father also filed a petition to modify the parties' decree of dissolution of marriage. This petition was denied by the trial court and is not at issue in the instant appeal.

[2] In granting Mother's petition for a modification of Father's child support obligation, it stands to reason that the trial court was persuaded by the arguments levied and evidence presented by Mother. As such, it is reasonable to infer that the relief sought in Father's competing petition was denied.

[3] We note that Father filed a motion for oral argument, which we deny in an order issued simultaneously with this decision.

of discretion." *Stott v. Stott*, 737 N.E.2d 854, 857 (Ind. Ct. App. 2000). Further,

> [i]n reviewing the trial court's decision regarding the modification of child support, we reverse only for an abuse of discretion. *In re Marriage of Kraft*, 868 N.E.2d 1181, 1185 (Ind. Ct. App. 2007). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. *In re Paternity of E.M.P.*, 722 N.E.2d 349, 351 (Ind. Ct. App. 2000).

*Holtzleiter v. Holtzleiter*, 944 N.E.2d 502, 505 (Ind. Ct. App. 2011).

Indiana Code section 31-16-8-1 provides that a modification of a child support obligation may be made "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." The Indiana Supreme Court has held that upon appellate review of a determination that changed circumstances warranted a modification of a party's child support obligation,

> [i]t is certainly true that appellate courts give considerable deference to the findings of the trial court in family law matters, including findings of "changed circumstances" within the meaning of Indiana Code section 31-16-8-1. Whether the standard of review is phrased as "abuse of discretion" or "clear error," this deference is a reflection, first and foremost, that the trial judge is in the best position to judge the facts, to get a feel for the family dynamics, to get a sense of the parents and their relationship with their children—the kind of qualities that appellate courts would be in a difficult position to assess. Hon. Denise R. Johnson, Address at the 2004 Appellate Judges Summit (Nov. 13, 2004). Secondly, appeals that change the results below are especially disruptive in the family law setting. *Id*. And third, the particularly high degree of discretion afforded trial courts in the family law setting is likely also attributable in part to the "fluid" standards for deciding issues in family law cases that prevailed for many years. *Id*. (citing Maurice Rosenberg, Appellate Review of Trial Court Discretion, 79 F.R.D. 173, 175 (1978)).
>
> We recognize of course that trial courts must exercise judgment, particularly as to credibility of witnesses, and we defer to that judgment because the trial court views the evidence firsthand and we review a cold documentary record. Thus, to the extent credibility or inferences are to be drawn, we give the trial court's conclusions substantial weight. But to the extent a ruling is based on an error of law or is not supported by the evidence,

4

it is reversible, and the trial court has no discretion to reach the wrong result. *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940-41 (Ind. 2005). The party seeking to modify a child support order bears the burden of establishing that the requirements of Indiana Code section 31-16-8-1 have been met. *Holtzleiter*, 944 N.E.2d at 505 (citing *Saalfrank v. Saalfrank*, 899 N.E.2d 671, 675 (Ind. Ct. App. 2008)).

### A. Significant Change in Circumstances

Father claims that the trial court abused its discretion in modifying his child support obligation because the court did not make a specific finding with regard to whether there was a significant change in the parties' circumstances such to warrant the modification. We note that while the trial court did not make a specific oral or written finding regarding whether there had been a substantial change in the parties' circumstances, the record supports a determination that there had, in fact, been a substantial change in the parties' circumstances.

The record reveals that the trial court heard evidence that Father's income had increased during the period of time that passed between the date on which the previous order modifying Father's child support obligation was issued and the date on which Mother filed her request for the instant modification of Father's child support obligation. Specifically, the record indicates that Father's weekly gross income increased from $805.00 to $1702.21, or approximately $900.00 per week, during the relevant time period.

We have previously concluded that an increase in income can constituted a significant change in circumstances which would warrant a modification of a parent's child support obligation. *See e.g., Walters v. Walters*, 901 N.E.2d 508, 511 (Ind. Ct. App. 2009) (providing

5

that employment and income constituted a substantial change in circumstances which could justify a change in a party's child support obligation); *Apter v. Ross*, 781 N.E.2d 744, 763 (Ind. Ct. App. 2003) (providing that increase in income was sufficient to prove that there was a substantial change in circumstances warranting a modification of child support), *trans. denied*; *see also* Ind. Child Support Guideline 4 cmt para. 1. Because the record indicates that there has been a substantial change in Father's income, we conclude that the record supports the trial court's determination that Mother met her burden of proving a significant change in the parties' circumstances which would warrant the modification of Father's child support obligation. Accordingly, we further conclude that the trial court did not abuse its discretion in this regard.

## B. Imputation of Income

Father also claims that additional income should be imputed to Mother because she is no longer solely responsible for household living expenses as she shares these expenses with her current husband.[4] However, the record reveals that this situation is not new as it appears that Mother has shared household living expenses with other individuals at all times since her divorce from Father. During the evidentiary hearing, Father questioned Mother specifically about the various homes that she has owned since the parties' divorce. Mother's testimony revealed that she was not the sole owner of any of the homes but rather that each home was bought together with either her parents or her current husband.

---

[4] In making this claim, Father attempted to question Mother about her current husband's level of income. The trial court, however, did not allow this question because Father did not present any evidence suggesting that the financial contributions to the household living expenses made by Mother's current husband was a change in circumstances since the date of the 2010 modification of Father's child support obligation.

The record reveals that prior to the parties' divorce and at all times since the parties' divorce, Mother has worked part-time for Johnson & Johnson. As of the date of the evidentiary hearing, Mother worked nineteen and one-half hours per week. She testified that this schedule allowed for her to work without requiring additional child care for the parties' children. Mother testified that she had, at times, considered seeking full-time employment and acknowledged that she may, at some point in the future, face the need to return to full-time employment. Mother, however, testified that she had not yet found a full-time position which would provide her with the flexibility and income necessary to provide a benefit which would outweigh the potential hardships that a significant change in Mother's work schedule would have upon both Mother and the parties' children.

Further, while Father included a proposed income which he claimed should have been imputed to Mother on his proposed child support worksheet, Father presented no evidence which would suggest that the amount that he claims should be attributed to Mother was realistic in light of Mother's employment qualifications and work experience. In light of Father's failure to prove that the amount of income that he claimed should be imputed to Mother was reasonable coupled with Mother's history of working part-time and sharing household living expenses with others, we conclude that the trial court did not abuse its discretion by declining Father's request to impute additional income to Mother.

## C. Lack of Father's Signature on Mother's Proposed Child Support Worksheet

Father also claims that the trial court abused its discretion in adopting Mother's proposed child support worksheet which was only signed by Mother and not by Father. In

7

support, Father cites to Indiana Child Support Guideline 3(B) which indicates that child support worksheets which are agreed upon by the parties and submitted to the trial court as part of an agreed child support order must be signed by both parties. In the instant matter, however, the parties did not submit an agreed-upon child support order but rather each party submitted a competing proposed child support worksheet. As these worksheets did not contain an agreed-upon amount, it stands to reason that neither the worksheet submitted by Mother nor that submitted by Father contained the signature of the opposing party. We conclude that in cases where, as is the case here, the parties submit competing proposed child support worksheets, the trial court does not abuse its discretion by adopting one party's submission merely because it was not signed by the opposing party.

Further, in the instant matter, the record demonstrates that Mother submitted documentation supporting the figures contained in her proposed child support worksheet. Specifically, Mother submitted both her and Father's W2s[5] for the year 2012 in support of her proposed child support worksheet. The figures used in Mother's proposed child support worksheet were consistent with those reflected in the parties' W2s. Notably, in challenging the adoption of Mother's proposed child support worksheet, Father does not claim that the weekly gross income attributed to him is incorrect.

Further still, to the extent that Father alleges that the trial court abused its discretion in adopting Mother's proposed worksheet in light of Mother's acknowledgement that her proposed worksheet could potentially be inaccurate, Father does not point to any evidence

---

[5] A W2 is a document prepared by one's employer which documents the amount of taxable earned by and the amount of taxes withheld from the individual during a calendar year.

8

which would support a finding that Mother's proposed child support worksheet was in fact inaccurate. Father merely refers back to his argument, which we rejected above, that the trial court abused its discretion in failing to impute additional income, above that actually earned, to Mother. The trial court did not abuse its discretion in this regard.

## D. Retroactive Application of Child Support Modification

Father last claims that the trial court abused its discretion in ordering a retroactive application of the child support obligation without setting forth a schedule for the retroactive payments. With respect to retroactive payments, the Indiana Supreme Court has held that

> [a] trial court has discretion to make a modification of child support relate back to the date the petition to modify is filed, or any date thereafter. *Quinn v. Threlkel*, 858 N.E.2d 665, 674 (Ind. Ct. App. 2006) (citing *Carter v. Dayhuff*, 829 N.E.2d 560, 568 (Ind. Ct. App. 2005)). "The general rule in Indiana is that retroactive modification of support payments is erroneous if the modification relates back to a date earlier than the filing of a petition to modify." *Donegan v. Donegan*, 605 N.E.2d 132, 133 n.1 (Ind. 1992) (citing *Reeves v. Reeves*, 584 N.E.2d 589, 594 (Ind. Ct. App. 1992), *trans. denied*). And Indiana courts have long held that, "after support obligations have accrued, a court may not retroactively reduce or eliminate such obligations." *Whited v. Whited*, 859 N.E.2d 657, 661 (Ind. 2007). The modification of a support obligation may only relate back to the date the petition to modify was filed, and not an earlier date, subject to two exceptions not applicable here.

*Becker v. Becker*, 902 N.E.2d 818, 820 (Ind. 2009) (footnote omitted).

In the instant matter, the trial court granted Mother's request to modify Father's child support obligation in an order dated August 15, 2013. The trial court set Father's new child support obligation at $268.00 per week effective February 8, 2013. The February 8, 2013 effective date was three days after Mother filed her request to modify Father's child support obligation. Father does not claim that the trial court abused its discretion in ordering

9

retroactive application but rather claims that the trial court abused its discretion in failing to set forth a schedule by which he was to make the retroactive child support payments. Father, however, cites to no authority which supports this claim. As such, we conclude that the trial court acted within its discretion in this regard.

## CONCLUSION

Having concluded that the trial court did not abuse its discretion in modifying Father's child support obligation, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.