## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 24 2017, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary J. Stock
Carmel, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason Daniel Carlton Webb, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Holly White, <br> *Appellee-Respondent.* | February 24, 2017 <br><br> Court of Appeals Case No. <br> 28A04-1607-DR-1719 <br><br> Appeal from the Greene Circuit Court <br><br> The Honorable Dena A. Martin, Special Judge <br><br> Trial Court Cause No. <br> 28C01-9910-DR-311 |

**Najam, Judge.**

## Statement of the Case

[1]     Jason Daniel Carlton Webb ("Father") appeals the trial court's judgment for Holly White ("Mother") on Father's petition to modify post-secondary educational expenses. Father raises a single issue for our review, which we

restate as whether the trial court abused its discretion when it denied Father's petition. We affirm.

## Facts and Procedural History

On April 11, 2016, Father petitioned the trial court to modify his post-secondary educational expenses on behalf of his daughter, A.W. ("Child"). Father had originally agreed to pay $505.46 per month on behalf of Child's post-secondary expenses. Father's agreement to that amount, and the court's acceptance of his agreement in its ensuing order, was premised on the then-accurate understanding that Child would be attending Indiana State University ("ISU"). Child's attendance at ISU included a scholarship that fully paid her tuition but left her with various other expenses, which Father and Mother agreed to split between themselves.

Shortly after the trial court's original order, Child transferred to Ivy Tech Community College ("Ivy Tech"). Accounting for scholarships, grants, and other aid, Child's cost of attending Ivy Tech was about $3,500 per year. However, in her FAFSA to attend Ivy Tech, Child listed her family contribution as zero. In the subsequent educational year at Ivy Tech, Child's cost of attendance was about $9,200. Again, Child listed her family contribution in her FAFSA as zero. And while she attended Ivy Tech, Child obtained a certificate in phlebotomy.

In November of 2015, Father began missing his required payments to Child's post-secondary expenses due to various family health-care costs, including an

injury to Father that prevented him from working for several months. Thereafter, Father filed his petition to modify the post-secondary educational expenses.

On June 23, the court held an evidentiary hearing on Father's petition, among other pending motions. Mother, Father, and Father's wife testified at that hearing. Following the hearing, the court denied Father's petition, stating: "Father has failed to show any substantial change in circumstances such that his previously agreed upon responsibility to pay post-secondary educational expenses should be reduced or vacated." Appellant's App. Vol. 2 at 25. This appeal ensued.

## Discussion and Decision

Father appeals the trial court's denial of his request to modify his post-secondary educational expenses for Child. We initially note that Mother has not filed an Appellee's Brief.

> When an appellee fails to file a brief, we apply a less stringent standard of review. We are under no obligation to undertake the burden of developing an argument for the appellee. We may, therefore, reverse the trial court if the appellant establishes prima facie error. "Prima facie" is defined as "at first sight, on first appearance, or on the face of it."

*Deckard v. Deckard*, 841 N.E.2d 194, 199 (Ind. Ct. App. 2006) (citations omitted).

[7]     Here, the trial court did not enter findings of fact and conclusions thereon following the evidentiary hearing and, as such, "[i]n reviewing the trial court's decision regarding the modification of child support, we reverse only for an abuse of discretion." *Holtzleiter v. Holtzleiter*, 944 N.E.2d 502, 505 (Ind. Ct. App. 2011). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. *Id.* But "[w]hether the standard of review is phrased as 'abuse of discretion' or 'clear error,' the importance of first-person observation and preventing disruption to the family setting justifies deference to the trial court." *Id.* (quoting *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940-41 (Ind. 2005)).

[8]     Modification of child support, including post-secondary educational expenses, is governed by Indiana Code Section 31-16-8-1, which states, in relevant part, that "an order with respect to child support . . . may be modified . . . only . . . upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." The party seeking to modify a child support order bears the burden of establishing that the requirements of Section 31-16-8-1 have been met. *Saalfrank v. Saalfrank*, 899 N.E.2d 671, 675 (Ind. Ct. App. 2008).

[9]     Father asserts that the trial court was required to modify his post-secondary educational expenses for three reasons. First, he asserts that he had "experienced a dramatic change in his financial condition" as a result of his family's health-care issues and his temporary inability to work. Appellant's Br.

at 8-9.  But before the trial court Father testified that, at the time of the evidentiary hearing, he was working again, that he had "the ability to continue to make the payments," and that he intended to pay the arrearage he had accumulated during the time in which he was unemployed.  Tr. at 40-41.  As such, we cannot say that Father's temporary financial setback required the trial court to find a substantial change in circumstances and modify the post-secondary expense payments.

[10]  Father also argues that Child, having obtained a certificate in phlebotomy, "was now able to obtain full-time work" to support herself, which should require a corresponding decrease in his own obligations.  Appellant's Br. at 9.  But Father cites no evidence that demonstrates that Child was in fact so employed.  Accordingly, we cannot say that this argument demonstrates *prima facie* error in the trial court's denial of his petition.

[11]  Third, Father contends that the trial court's judgment deviates from the Child Support Guidelines without explanation.  In particular, comment b to Indiana Child Support Guideline 8 states that "the court should not award post-secondary educational expenses" when "the expected parental contribution is zero under [FAFSA]."  But that comment applies "[w]hen determining whether or not to award post-secondary educational expenses."  Ind. Child Support Guideline 8 cmt. b.  Here, the original determination on whether to award post-secondary educational expenses, which Father had agreed to do, had already been made.  The only issue before the trial court in the instant case was whether to modify that existing award.  Father cites no authority that requires our trial

courts to apply that comment when the issue before the court is the modification of an existing order. *See* Ind. Appellate Rule 46(A)(8)(a). Accordingly, Father again has not demonstrated *prima facie* error.

[12] In sum, we affirm the trial court's denial of Father's petition to modify the original award of post-secondary educational expenses.

[13] Affirmed.

Bailey, J., and May, J., concur.