## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 22 2020, 9:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kenneth Sumner
Avon, Indiana

ATTORNEYS FOR APPELLEE

Denise F. Hayden
Lacy Law Office
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenneth Sumner,

*Appellant-Respondent,*

v.

Loree Wheeler,

*Appellee-Petitioner*

June 22, 2020

Court of Appeals Case No.
19A-DC-2443

Appeal from the Hendricks
Superior Court

The Honorable Mark A. Smith,
Judge

Trial Court Cause No.
32D04-1812-DC-687

**May, Judge.**

[1] Kenneth Sumner ("Father") appeals following the trial court's September 29, 2019, order that denied his motion to modify child support and required him to pay a portion of Loree Wheeler's ("Mother") attorney fees. Father raises two issues on appeal, which we revise and restate as:

(1) whether the trial court abused its discretion in denying Father's motion to modify child support; and

(2) whether the trial court abused its discretion in ordering Father to pay a portion of Mother's attorney fees.

We affirm.

# Facts and Procedural History

Mother and Father married in 1999. They had two children together, Ha.S. and Hu.S. Mother and Father divorced in 2010. Both Mother and Father have since remarried. Father works part-time as a worship leader/music director at a church. He makes approximately $19,000 a year in that position. He also worked part-time as a relator from 2005 until 2018. In early 2018, Father sold four houses, but he did not earn a commission from three of those sales. One sale was his current wife's former residence. The second sale was to his wife and is the house he and his wife presently live in. The third sale was for the estate of his wife's ex-husband after her ex-husband died. The fourth sale was a house in Indianapolis, and Father received a commission from that sale. Father described it as "a legitimate real estate transaction[.]" (Tr. Vol. II at 180.) Father has not sold a house for a commission since February 2018. He spends a substantial amount of his time taking care of his wife's house and stepchildren.

In April 2018, Mother petitioned the court to modify the custody arrangement and Father's corresponding child support obligation because of a significant

deterioration in the parties' commitment to coparenting. *Sumner v. Wheeler*, No. 18A-DR-2070, 2019 WL 1984294 at *1 (Ind. Ct. App. May 6, 2019). On July 31, 2018, the court granted Mother's petition and ordered Father to pay $197/week in child support commencing August 10, 2018.[1] *Id*. at *3. Father appealed, arguing the trial court abused its discretion in modifying his child support obligation. *Id*. We affirmed the trial court in a memorandum opinion. *Id*. at *5. We noted Father did not object to Mother's proposed child support worksheet, submit his own proposed child support worksheet, cross-examine Mother regarding her calculation of the values she entered into her worksheet, or present any evidence to contradict Mother's valuations. *Id*. at *4.

[4] While Father's appeal of the 2018 order was pending, Father filed a motion to modify child support, in which he asserted a substantial change in circumstances made that 2018 order unreasonable. Mother filed a petition to hold Father in contempt on the basis that Father refused to pay child support following the 2018 order. Mother's petition also alleged Father failed to pay his portion of the children's uninsured medical expenses and interfered with the children's participation in extracurricular activities. Mother also sought a modification of legal custody and parenting time. Father filed a petition to hold Mother in contempt. The court held a bifurcated hearing on all pending motions on August 22, 2019, and September 10, 2019.

---

[1] The record is silent regarding Father's child support obligation prior to the July 2018 order.

The court issued an order on September 23, 2019. The 2019 order provided, in necessary part:

> 6. Father's request to modify child support is denied. Father's verified petition to modify filed on February 8, 2019 alleges changes in circumstances so substantial and continuing as to make the current order unreasonable. However, [F]ather has not proven any changed circumstances since the July 31, 2018 Order. Father's evidence related to child support was nothing more than a 'super appeal' of the last order.

> 7. As witness Jennifer Bigelow [the court-appointed parenting coordinator] testified, 'Words are daggers they have consequences. They say more about the person using them than anything else.' In this instance, that is certainly true with father. Father's behaviors have been obstinate and obstructionist. He has displayed thinking that is rigid. He has been defiant towards court orders and engaged in hyper technical interpretations of the same in ways that work to his advantage. During his testimony, [F]ather was at times arrogant and often comes across as a know it all. He routinely described everything as a 'miscommunication or misunderstanding.' He lacks insight into how his own behavior has contributed to the circumstances and instead blamed others like the parenting coordinator or his prior attorney. According to [F]ather, 'we really haven't had the need for her,' referring to the parenting coordinator. Father admits he continues to be bitter over the events leading up [to] the July 2018 Order, as well as the terms of the Order itself. Overall, the Court finds that [F]ather is simply not credible.

> * * * * *

> 17. Mother requested an award of attorney fees. Both sides have incurred substantial attorney fees. Mother and her husband took out a home equity line of credit to help pay her attorney fees.

Father's new spouse has paid $17,000 - $18,000 towards his fees. The Court finds that an award of attorney fees in [M]other's favor is appropriate in this case. Mother requested fees of approximately $21,400.00. The Court orders [F]ather to pay [M]other $15,000.00 towards her attorney fees. The Court enters a judgment in favor of Loree Wheeler and against Kenneth Sumner in the amount of $15,000.00 which shall accrue interest at 8% until satisfied and paid in full.

(App. Vol. II at 3.)[2]

# Discussion and Decision

## I. Motion to Modify Child Support

[6] Father argues he cannot afford to pay his child support obligation because of a substantial change in circumstances. We review a motion to modify child support for an abuse of discretion. *Holtzleiter v. Holtzleiter*, 944 N.E.2d 502, 505 (Ind. Ct. App. 2011). "An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom." *Id.* "In our review, we consider whether the evidence supports the [trial court's] factual findings, and then we consider whether the findings support the judgment." *Marshall v. Marshall*, 92 N.E.3d 1112, 1116 (Ind. Ct. App. 2018). "We consider the

---

[2] The court granted Mother's motion to modify legal custody and parenting time. The court also granted Mother's contempt petition and denied Father's contempt petition. Father does not appeal these rulings. Therefore, we will not discuss them further.

evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom. We do not reweigh evidence or reassess the credibility of witnesses." *In re Paternity of E.C.*, 896 N.E.2d 923, 925 (Ind. Ct. App. 2008) (internal citation omitted). Indiana Code section 31-16-8-1 allows the court to modify a child support order within twelve months of the date the court issued the order "upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Voluntary underemployment or unemployment does not constitute a substantial and continuing change in circumstances. *See Miller v. Sugden*, 849 N.E.2d 758, 761 (Ind. Ct. App. 2006) ("The Indiana Child Support Guidelines provide that if a parent is voluntarily unemployed or underemployed, child support shall be determined based on potential income."), *reh'g denied*, *trans. denied*.

[7] Father asserts that his lack of success selling houses and his decision to abandon his real estate career amount to changes so substantial and continuing as to make the 2018 order unreasonable. However, Father's own testimony contradicts his argument. The following exchange occurred when Mother's counsel questioned Father at the hearing:

> Q: Uh, where were you working in July?
>
> A: Uh, well I was at the church.
>
> Q: Okay.
>
> A: And, uh, you know, still attempting real estate. I just haven't been successful at it.

Q: Okay so that's what you were doing July of 2018, correct?

A: Yes.

Q: All right, uh, what do you—currently you are doing real estate and working at the church, correct?

A: Well the real estate is starting to fizzle just because it's-I've not been successful with it, so—

Q: You just said you weren't successful in July of 2018 too, correct?

A: And that was true.

Q: Okay. So, you have the same job income as—as you have today as you did in July, correct?

A: True, yes.

(Tr. Vol. II at 129.) Also, when questioned by Mother's counsel, Father's current wife testified:

Q: So, Ken had the same employment when you guys got married? Is that correct?

A: Yes.

Q: Same financial resources when you guys got married?

A: Yes.

Q: His income hasn't changed since you guys got married?

A: I don't—I don't think so.

Q: Okay when did you guys get married?

A: We got married February 2018.

Q: February 2018. So, prior to July 31, 2018, right?

A: Yes.

(Tr. Vol. III at 228.)

As the trial court found, Father's petition to modify his child support obligation is simply an attempt to relitigate the petition that led to the 2018 order. Father's statements and passive-aggressive behavior towards Mother after the 2018 order demonstrate his disagreement with the order and his desire to try to get around it. For example, in August 2018, Father texted Mother:

> I recommend backing down at least on the point of child support payments, as my taxable income was the exact same as yours, even if [Mother's attorney] continues to try to strike it, I will eventually figure out how to supply to the court . . . even if we have to appeal, which would be expensive for both of us.

(Pet.'s Exhibit 112.) Also, in the wake of the 2018 order, Father attempted to backtrack on sharing the cost for Hu.S.'s braces. Mother testified Father "was on board but once we had, uh, gone to court and things turned out the way they did he, you know, when I consulted him about the braces he said he can no

longer help if I wanted to have that done and it was a luxury." (Tr. Vol. III at 31.)

[9] Father chose to represent himself at the 2018 hearing. While his representation proved deficient, a *pro se* party is held to the same standards as a licensed attorney, and Father must live with the consequences. *See Martin v. Hunt*, 130 N.E.3d 135, 136 (Ind. Ct. App. 2019) ("It is well settled that *pro se* litigants are held to the same standards as licensed attorneys, and thus they are required to follow procedural rules."). The trial court did not abuse its discretion in denying Father's petition to modify his child support obligation because Father failed to demonstrate a substantial change in circumstances. *See MacLafferty v. MacLafferty*, 829 N.E.2d 938, 942 (Ind. 2005) (holding trial court did not abuse discretion in denying motion to modify child support because moving party did not demonstrate a change in circumstances so substantial as to render terms of prior order unreasonable).

## II. Award of Attorney Fees

[10] Father also challenges the trial court's order that he pay $15,000 of Mother's attorney fees. Indiana Code section 31-15-10-1 concerns the award of attorney fees in dissolution proceedings, and the statute provides:

> The court periodically may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees and mediation services, including amounts for legal services provided and costs incurred before the commencement of the proceedings or after entry of judgment.

Trial courts enjoy broad discretion in determining whether to award attorney fees. *Eads v. Eads*, 114 N.E.3d 868, 879 (Ind. Ct. App. 2018). This is meant "to ensure that a party who would not otherwise be able to afford an attorney is able to retain representation." *Id*. Trial courts consider several factors when deciding whether to award attorney fees, including whether a party's misconduct resulted in additional litigation expenses. *Id*. We review the award of attorney fees for an abuse of discretion and will only reverse if "the trial court's award is clearly against the logic and effect of the facts and circumstances before the court." *Myers v. Myers (Phifer)*, 80 N.E.3d 932, 938 (Ind. Ct. App. 2017).

[11] Attorneys for both Father and Mother have expended large quantities of time pursuing and defending against the various motions filed in this case. From November 16, 2018, through September 9, 2019, Mother incurred $21,400 in legal expenses. Mother works as a part-time photographer, and she has a gross weekly income of $360. While Father spends most of his time taking care of his stepchildren, his wife's income covers the vast majority of their household expenses. She owns the house she and Father live in, and Father has access to his wife's bank accounts. Father's wife will also give Father cash, and she has paid $17,000-$18,000 of Father's attorney fees.

[12] Additionally, Father's actions have caused Mother to incur substantial legal expenses. Mother filed her petition to hold Father in contempt because he failed to comply with the 2018 order. Father failed to meet his child support obligation or cover his share of the children's uninsured medical expenses.

Mother also moved to modify legal custody and parenting time in response to Father's obstructionist behavior. Father did not cooperate with the parenting coordinator. Despite the 2018 order directing Mother and Father to allow the children to participate in extracurricular activities, Father would hesitate to agree to allowing the children to attend extracurricular activities during his parenting time. He would also give the children permission to participate in certain activities and then claim he never gave the children permission. Mother also had to pay attorney fees to defend against Father's unsuccessful petition to hold Mother in contempt. Therefore, the trial court did not abuse its discretion in ordering Father to pay a portion of Mother's attorney fees. *See Barton v. Barton*, 47 N.E.3d 368, 377-78 (Ind. Ct. App. 2015) (holding trial court did not abuse discretion in ordering husband to pay wife's attorney fees because husband's misconduct resulted in wife incurring additional litigation expenses and husband enjoyed greater earning capacity than wife), *trans. denied*.

# Conclusion

The trial court did not abuse its discretion when it denied Father's motion to modify child support. Both Father and Father's wife testified that his income had not changed since the 2018 order. Additionally, the trial court did not abuse its discretion in ordering Father to pay a portion of Mother's attorney fees, as Mother incurred substantial litigation expenses primarily because of Father's actions. We accordingly affirm.

Affirmed.

Robb, J., and Vaidik, J., concur.