**In re the Marriage of Debora (Burns) FREESE, Appellant,**

v.

**Bruce K. BURNS, Appellee.**

**No. 29A04–0112–CV–555.**

Court of Appeals of Indiana.

July 17, 2002.

---

Lowell A. Shroyer, Beech Grove, Indiana, Attorney for Appellant.

George A. Lohmeier, Allen Wellman McNew, Greenfield, Indiana, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Respondent Debora Freese ("Debora") appeals the denial of her petition to modify the child support order entered contemporaneously with the dissolution of her marriage to Appellee–Petitioner Bruce Burns ("Bruce"). We reverse and remand.

### Issues

Debora presents six issues for review, which we consolidate and restate as:

I. Whether the trial court erred in excluding Debora's proffered Exhibit B; and,

II. Whether the trial court's findings of fact and conclusions of law are clearly erroneous.

### Facts and Procedural History

Bruce and Debora were divorced on January 31, 1994. Pursuant to the parties' agreement, the dissolution court ordered that Bruce and Debora share joint physical custody of their two children. Each parent was to have the children in his or her care an equal amount of time, and neither was ordered to pay child support payments. However, Bruce agreed "to be solely responsible for all the expenses of the children, including the day care." On November 17, 2000, Debora filed a petition for modification of child support. A hearing was held on November 7, 2001.

On November 21, 2001, pursuant to Bruce's motion, the trial court entered Findings of Fact and Conclusions of Law.

Debora's petition for modification was denied; she now appeals.

## Discussion and Decision

### I. Exclusion of Debora's Exhibit

Initially, Debora claims error in the exclusion of her proffered Exhibit B, a United States Bureau of Labor Statistics Consumer Price Index publication, which purportedly disclosed average consumer expenditures. The trial court excluded the proffered exhibit on grounds of relevance.

■ Indiana Evidence Rule 402 provides in pertinent part: "[e]vidence which is not relevant is not admissible." Additionally, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, or needless presentation of cumulative evidence. Evid. R. 403. A trial court's decision to admit or exclude evidence is within its discretion and will be disturbed on appeal only when the admission or exclusion is clearly erroneous and against the logic and effect of the facts and circumstances before the court. *Hite v. Haase*, 729 N.E.2d 170, 178 (Ind.Ct.App. 2000).

■ Debora testified that she compared her household expenses to those reflected in Exhibit B and concluded "her money was going about the same place as that of everybody else in America." (Tr. 22.) However, Exhibit B is not directly probative of either Debora's or Bruce's expenses. Moreover, child support awards in Indiana are based upon the Indiana

Child Support Guidelines ("Guidelines") rather than a detailed analysis of a particular household's expenses. Ind. Child Support Guideline 2.[1] Therefore, the trial court's determination that Exhibit B was not relevant to an issue in the case is not against the logic and effect of the facts and circumstances before the court. We find no abuse of discretion.

### II. Findings of Fact and Conclusions of Law

#### A. Standard of Review

Indiana Code section 31–16–8–1 provides that an order with respect to child support may be modified: (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or (2) upon a showing that a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines, and the order requested to be modified or revoked was issued at least twelve months before the petition requesting modification was filed.

■ Here, the trial court entered Findings of Fact and Conclusions of Law. Thus, we apply a two-tiered standard of review: first, we determine whether the evidence supports the findings and second, whether the findings support the judgment. *Carmichael v. Siegel*, 754 N.E.2d 619, 625 (Ind.Ct.App.2001). We disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. *Id.* We do not reweigh the evidence, but con-

---

1. There is a rebuttable presumption that the amount of the award which would result from the application of the Guidelines is the correct amount of child support to be awarded. Child Supp. G. 2. Child support awards under the Guidelines are designed to provide the children as closely as possible with the same standard of living they would have enjoyed had the marriage not been dissolved. *Hamiter v. Torrence*, 717 N.E.2d 1249, 1253 (Ind. Ct.App.1999).

sider only the evidence favorable to the trial court's judgment. *Id.* Challengers must establish that the trial court's findings are clearly erroneous. *Id.* Findings are clearly erroneous when a review of the record leaves us firmly convinced a mistake has been made. *Id.* However, we do not defer to conclusions of law, and a judgment is clearly erroneous if it relies on an incorrect legal standard. *Id.*

### B. Analysis

At hearing and on appeal, the parties have not disputed the relevant facts surrounding the petition for modification, but rather have disputed whether those facts constitute a substantial and continuing change in circumstances.

Evidence adduced at the hearing discloses that the parties' children were four and one at the time of the marital dissolution. Due to the disparity of the parties' incomes, Bruce agreed to pay the "expenses" of the children. At that time, day care expenses were a significant expense payable by Bruce. However, the parties were unable to agree on which other "expenses" were contemplated by the dissolution agreement. Debora sought contributions from Bruce for a portion of commingled household expenses such as groceries, housing, transportation and utilities. Bruce declined to reimburse Debora for those indirect expenses, interpreting "expenses" as "direct expenses." (Tr. 85.) Bruce paid for school lunches, clothing and extracurricular activities. In 1999, the amount Bruce paid for the children's expenses amounted to $5,815.63.

At the time of the modification hearing, the parties' children were twelve and nine. Debora was no longer employed outside the home; thus, no childcare expense was being incurred. Both Bruce and Debora had remarried and each had a subsequently born child. Bruce, a certified public accountant, earned $237,000.00 in the year preceding the modification hearing. Debora lacked current wage income, but agreed that income should be imputed to her based upon her last employment. The trial court found no change in circumstances warranting a child support modification.

Debora challenges the Conclusions of Law providing in pertinent part (1) that Indiana Code section 31–16–8–1 is inapplicable when a parent has agreed to pay more than Guideline support, (2) that a child support order is not required in favor of a parent who had ample resources, (3) that neither Debora's subsequently born child or change in employment constitutes a relevant change in circumstances, and (4) that modification is not warranted.

▆▆▆ The mere passage of time, without more, does not effect a statutory change in circumstances necessitating modification. Here, however, the evidence adduced at the modification hearing points solely to the existence of a substantial and continuing change in circumstances, including a five-fold increase in Bruce's income, the termination of Debora's paid employment, the addition of two dependents, the passage of seven years and the termination of daycare expenses. Nevertheless, the trial court refused to modify the obsolete child support order, which contemplated no child support payments by either parent.

▆▆▆ The trial court's decision stems from the erroneous premises that Bruce had agreed to pay an amount in excess of the Guideline amount for child support and that Debora had benefited from a reduction in child support payments she otherwise would have been obligated to tender to Bruce. There is no evidence that Bruce's payment of "direct" expenses on behalf of his children ever exceeded the

Guideline amount of child support, and there is no evidence that Debora, as the joint custodial parent having the lesser income, would have been ordered to make child support payments to Bruce absent their agreement. Guideline child support calculations are based upon the respective incomes of the parents and do not focus upon direct or indirect actual expenses of the child(ren). The purpose of the Guidelines is to provide for the child in the same manner as if the parties had not divorced. *Clark v. Madden*, 725 N.E.2d 100, 108 (Ind.Ct.App.2000). Accordingly, the Guidelines are not, as the trial court's Conclusions suggest, rendered inapplicable where a parent "had ample resources left to her."

Further, we find unpersuasive Bruce's argument that a Guideline-based child support award is inappropriate where parents share joint physical custody, and that the trial court is "bound to enforce the contractual provisions of the parties" in the alternative. Brief of Appellee at 20. Bruce and Debora were unable to agree upon and satisfactorily implement the terms of their own "contract." The trial court is not bound to draft contract provisions for the parties, and reversion to the Guidelines is appropriate. Although the Guidelines do not directly address the situation of equally shared joint physical custody, the Commentary to Guideline 6 concerning split custody is instructive:

In those situations where each parent has physical custody of one or more children (split custody), it is suggested that support be computed in the following manner:

1. Compute the support a father would pay to a mother for the children in her custody as if they were the only children of the marriage.

2. Compute the support a mother would pay to a father for the children in his custody as if they were the only children of the marriage.

3. Subtract the lesser from the greater support amount.

4. The parent who owes the greater amount of support pays the difference computed in step 3, above.

In *Sanjari v. Sanjari*, 755 N.E.2d 1186 (Ind.Ct.App.2001), this Court discussed the applicability of the Guidelines' "split custody" formula to the circumstances of "joint physical custody":

The practical effect on child rearing expenses where each parent has two children half-time would presumably be analogous to the effect on expenses where each parent has one child full-time, the situation described in the foregoing Commentary. However, we do not suggest that all other support calculation methods are foreclosed in joint physical custody situations. As the Commentary to Guideline 6 states "infinite possibilities exist in terms of time spent with each parent, travel between parents and other considerations."

*Id.* at 1190. Here, as in *Sanjari*, the parents spend equal time with their children. Absent some evidence that one of the parents is incurring an extraordinary and necessary expense on behalf of the children, the "split custody" formulation of the Guidelines may appropriately be applied to the equal-time "joint physical custody" situation. However, the Guidelines do not foreclose a different support calculation method, for example, ordering each parent to pay one-half the child support he or she would owe as a non-custodial parent, with appropriate credits for extraordinary expenses paid by that parent.

In light of the foregoing, we reverse the trial court's denial of Debora's petition to modify the prior child support order, and

remand for a calculation of child support consistent with this opinion.

Reversed and remanded.

NAJAM, J., and ROBB, J., concur.