Daniel David ORLICH, Appellant–
Respondent,

v.

Valerie Faye ORLICH n/k/a Valerie
Faye Colville, Appellee–
Petitioner.

No. 64A04–0607–CV–351.

Court of Appeals of Indiana.

Jan. 10, 2006.

Daniel Ostojic, Ostojic & Ostojic, Portage, IN, Attorney for Appellant.

Joanne Lohmeyer, Valparaiso, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

### Case Summary and Issues

Daniel Orlich ("Father") and Valerie Orlich ("Mother") were divorced in 1996. Mother was awarded custody of the parties' two children, Sarah and Austin. In 2004 and 2005, Mother filed Petitions to Modify the parties' child support obligations. Father now appeals from the trial court's order on those Petitions to Modify. He raises two issues for our review: 1) whether the trial court properly concluded that Sarah was not emancipated, and 2) whether the trial court properly handled Father's social security and disability benefits in calculating child support. Concluding that Father did not meet his burden of proving Sarah is emancipated, but that the trial court should have given Father credit toward his child support obligation for social security benefits received by his children because of his disability, we affirm in part, reverse in part, and remand.

### Facts and Procedural History

At the time the parties were divorced in 1996, Father was totally disabled. The parties' property settlement agreement included the following provision regarding child support:

> [I]n lieu of regular child support, [Mother] shall continue to receive benefits associated with [Father's] Social Security Disability including any and all medical benefits associated therewith.

Appellant's Appendix at 42. In addition, Mother was ordered to maintain medical insurance coverage for the parties' children through her employer, "if available at no cost." Id.

On August 20, 2004, Mother filed a petition for modification alleging that since the 1996 decree, there has been a substantial change in circumstances and conditions in that Father now receives Veterans Administration benefits in addition to Social Security disability, the children are in need of orthodontia, and Mother alone is paying for medical insurance and all uninsured health care expenses of the children. Mother sought an increase in child support, an apportionment of the health insurance costs and uninsured health care expenses, and an order regarding payment for orthodontia. Before a hearing was held on this petition, Mother filed a second petition for modification seeking an order of college expenses for Sarah, who would be graduating from high school and enrolling in college.

The case was submitted to the trial court on a stipulation of facts and written arguments of the parties. The trial court found that Father was receiving Social Security disability benefits of $1,012.00 per month [1] and military disability benefits of

---

1. Although the parties were to stipulate to the facts to be submitted to the trial court with their proposed findings of fact and conclusions of law and argument, the parties disagree about the amount Father was receiving in Social Security disability benefits. Father's "undisputed stipulation of facts" indicates that he receives $938.00 per month; Mother states that the $1,012.00 figure was "stipulated to by the parties." Appellant's App. at 58, 82. Because the trial court found Father's benefit to be $1,012.00, appellant's app. at 5, we will use that figure herein.

$2,523.00 per month, for a total weekly gross income of $797.68 for purposes of calculating child support. Mother was employed at a rate of $17.88 per hour or $715.10 per week. She received $118.44 in Social Security disability benefits. The trial court concluded that the Social Security disability benefits received by Mother were to be added to her income, for a total weekly income of $833.54 for purposes of calculating child support. Mother also pays $44.80 per week for health insurance for the children. Computing Father's child support based upon these figures results in a child support obligation of $187.22. The trial court concluded that a deviation from this figure was appropriate because "[n]otwithstanding the addition of Social Security Disability payments to [Mother's] income for child support purposes, she would not receive those sums but for [Father's] disability. He should receive some credit as a result." Appellant's App. at 5. Accordingly, the trial court reduced Father's child support obligation by $57.22 per week, for a total child support obligation of $130.00 per week. The trial court also ordered Father to pay forty-eight percent of uninsured health care expenses per year after Mother paid the first $1,045.20.

The trial court also found that pursuant to Social Security regulations, Sarah's benefits terminated on her eighteenth birthday and shifted to Austin, doubling his benefits to $508.00 monthly. Sarah graduated from high school in June 2005, enrolled as a full time student at Purdue University Calumet, and moved out of Mother's home. She was seeking part-time employment. Part or all of her college expenses may be met by state and federal educational assistance because of Father's disability.[2] The trial court concluded that Sarah was not emancipated because "she is not capable of self-support while she attends college full time." Appellant's App. at 5.

Father filed a motion to correct error, alleging that the trial court failed to give proper credit to him for benefits payable to his children due to his disability and that the trial court erred in failing to find Sarah emancipated. The motion to correct error was denied, and this appeal ensued.

*Discussion and Decision*

I. Standard of Review

■ We first note that Mother has not filed an appellee's brief, and our standard of review is accordingly modified. When an appellee fails to submit a brief, we will not "undertake the burden of developing arguments for the appellee." *In re Paternity of B.D.D.*, 779 N.E.2d 9, 13 (Ind.Ct. App.2002). In these situations, "[w]e apply a less stringent standard of review with respect to showings of reversible error, and we may reverse the trial court's decision if the appellant can establish prima facie error." *Id.* In this context, prima facie error is defined as "at first sight, on first appearance, or on the face of it." *Id.* (citations omitted).

The trial court entered findings of fact and conclusions of law. Thus, we apply a

---

**2.** At the time the case was submitted to the trial court, Sarah's benefits had not yet been determined. Father notes in a footnote to his brief that "[a]s of this writing, Sarah has applied for the ... benefits through her father and receives both the 100% tuition and fees [from the State of Indiana], and the Federal Educational Assistance of $827.00 per month." Appellant's Brief at 4 n. 2. Regard-

less of what has transpired since the trial court's order, there is only evidence in the record supporting the *possibility* of these benefits. The trial court took the issue of payment of Sarah's college expenses for books and tuition under advisement until a decision was made on the amount of her allowance. Appellant's App. at 6.

two-tiered standard of review: first, we determine whether the evidence supports the findings and second, whether the findings support the judgment. *Freese v. Burns,* 771 N.E.2d 697, 700 (Ind.Ct.App. 2002), *trans. denied.* We do not weigh the evidence or judge the credibility of the witnesses but, rather, consider only that evidence most favorable to the judgment, together with the reasonable inferences that can be drawn therefrom. *Scoleri v. Scoleri,* 766 N.E.2d 1211, 1215 (Ind.Ct. App.2002). The appellant must establish that the trial court's findings are clearly erroneous. *Freese,* 771 N.E.2d at 701. Findings are clearly erroneous when a review of the record leaves us firmly convinced a mistake has been made. *Id.* However, we do not defer to conclusions of law, and a judgment is clearly erroneous if it relies on an incorrect legal standard. *Id.*

## II. Emancipation

 We consider first Father's argument that the trial court erroneously concluded that Sarah was not emancipated because our resolution of this issue may have some impact on our consideration of the child support issue. "What constitutes emancipation is a question of law, while whether an emancipation has occurred is a question of fact." *Butrum v. Roman,* 803 N.E.2d 1139, 1143 (Ind.Ct.App.2004), *trans. denied* (quotation omitted). Emancipation cannot be presumed; rather, the party seeking emancipation must establish it by competent evidence. *Id.* Indiana Code section 31–16–6–6 governs the termination of child support and emancipation of a child:

(a) The duty to support a child under this chapter ceases when the child becomes twenty-one (21) years of age unless any of the following conditions occurs:

(1) The child is emancipated before becoming twenty-one (21) years of age. In this case the child support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.

(2) The child is incapacitated. In this case the child support continues during the incapacity or until further order of the court.

(3) The child:

(A) is at least eighteen (18) years of age;

(B) has not attended a secondary or postsecondary school for the prior four (4) months and is not enrolled in a secondary or postsecondary school; and

(C) is or is capable of supporting himself or herself through employment.

In this case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist. However, if the court finds that the conditions set forth in clauses (A) through (C) are met but that the child is only partially supporting or is capable of only partially supporting himself or herself, the court may order that support be modified instead of terminated.

(b) For purposes of determining if a child is emancipated under subsection (a)(1), if the court finds that the child:

(1) has joined the United States armed services;

(2) has married; or

(3) is not under the care or control of:

(A) either parent; or

(B) an individual or agency approved by the court;

the court shall find the child emancipated and terminate the child support.

Father contends that Sarah is emancipated pursuant to section (b)(3), because she lives with her boyfriend and is not under the care or control of either of her parents. In order to prove that a child is not under the care or control of either parent, our supreme court has found that the child must (1) initiate the action putting himself or herself outside the parents' control and (2) in fact be self-supporting. *Dunson v. Dunson*, 769 N.E.2d 1120, 1123–24 (Ind.2002). There does not seem to be any dispute that Sarah initiated the action of putting herself outside her parents' control by moving in with her boyfriend. However, in order for her to be emancipated pursuant to this section, she must also be self-supporting. In *Butrum*, we observed that

> this self-supporting requirement is similar to (a)(3)'s requirement that the child "is or is capable of supporting himself or herself through employment." However, there is one notable difference. Subsection (b)(3) requires the child to be self-supporting, while subsection (a)(3) requires the child to be self-supporting or capable of supporting himself or herself. Thus, a party faces a higher burden under subsection (a)(3).

803 N.E.2d at 1146 (citation omitted).

■ Father argues that Sarah is self-supporting because her tuition is fully paid and she receives a monthly allowance because of his disability. We first observe, as noted above, that the evidence presented to the trial court supported only the *possibility* of educational assistance, and the trial court acknowledged that possibility in its order when it found that "Sarah's college expenses … *may* be met by her Father's monthly disability benefits." Appellant's App. at 5 (emphasis added). We also observe that those benefits are contingent on Sarah being enrolled in school. There is no evidence that Sarah is earning any income whatsoever to support herself. Although she is looking for part-time employment, she is not yet working. The trial court found that Sarah is not capable of self-support while she attends college full time, and we cannot say that this finding is clearly erroneous. As a result, Father has failed to meet his burden of proving that Sarah is emancipated under subsection (b)(3).

### III. Treatment of Social Security Benefits

■ Generally, decisions regarding child support are left to the sound discretion of the trial court. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind.Ct.App.2002). We will not disturb a trial court's order modifying child support absent an abuse of discretion or a determination that is contrary to law. *Id.*

■ In modifying Father's child support obligation, the trial court relied on *Brown v. Brown*, 823 N.E.2d 1224, 1228 (Ind.Ct. App.2005), in which a panel of this court held that a retroactive lump sum payment of social security disability benefits to the disabled father's child should not be credited against the father's child support arrearage. "If anything, disability benefits paid to a dependent child would more appropriately be characterized as additional weekly income of the custodial parent before application of the support guidelines, rather than as support payments made by the noncustodial parent." *Id.* Based on this language, the trial court added the disability payments made to Mother to her weekly income, computed child support, and then gave Father a credit for disability benefits to Mother. No credit was given for the benefits received by the children because of Father's disability. Before this case was submitted to the trial court, however, our supreme court had granted transfer in *Brown*, vacating this court's

opinion. Neither the parties nor the trial court should have relied upon our opinion in *Brown* under these circumstances. *See Pinkston v. State*, 836 N.E.2d 453, 459 (Ind.Ct.App.2005), *trans. denied* ("Because transfer has been granted, [the case] has no precedential value."). On the day Father filed his notice of appeal, our supreme court handed down its decision in *Brown v. Brown*, 849 N.E.2d 610 (Ind.2006), holding that "[t]he general rule ... is that a disabled parent is entitled to have Social Security disability benefits paid to a child because of that parent's disability credited against the parent's child support obligations." *Id.* at 614. The decision was based in part on the rationale of an earlier court of appeals case holding the same. *Poynter v. Poynter*, 590 N.E.2d 150, 152 (Ind.Ct.App.1992), *trans. denied.* Accordingly, the trial court's judgment is clearly erroneous as it relies on an incorrect legal standard, and we remand to the trial court to recalculate the parties' child support obligations in light of the guidelines established by our supreme court in *Brown*.[3]

Father also contends that if we agree with the trial court that Sarah is not emancipated, he is entitled to credit for the educational assistance allowance paid to her. Although the trial court has not yet ruled on Mother's request for an order addressing college expenses, we address this issue as it may arise on remand.

■ We first note that a child support order and an educational expense order are separate and distinct. *See Sutton v. Sutton*, 773 N.E.2d 289, 294 (Ind.Ct.App. 2002) ("[E]ducational expenses are addressed separately from child support.").

In general, a parent has a duty to support his or her child until the child reaches twenty-one years of age, with certain exceptions we have already determined are not applicable here. Ind.Code § 31–16–6–6. Educational support orders can continue past the child's emancipation, however. Ind.Code § 31–16–6–6(a)(1) ("[C]hild support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.").

■ When Sarah reached the age of eighteen, the social security benefits paid to her due to Father's disability ceased. Father's child support obligation is ongoing, however, and because we treat child support orders and educational support orders independently of each other, to the extent any educational assistance Sarah receives because of Father's disability is credited to him, it cannot be credited directly against his basic child support obligation. As noted by the Arkansas Supreme Court, which has also held that social security payments should be credited to child support awards, the educational benefit paid by the Veterans Administration to a child of a disabled veteran while the child is enrolled in college "does not necessarily fall within the same category [as social security payments]—i.e., it is a specialty item available for use only under specified circumstances as distinguished from allotments and social security payments which are generally available for ordinary use." *Thompson v. Thompson*, 254 Ark. 881, 496 S.W.2d 425, 426 (1973).

---

3. We would note that the court stated that when Social Security disability benefits paid to children exceed the amount of the parent's corresponding child support obligation, the doctrine of non-conforming payments "dictates the excess amount is properly treated as a gratuity to the children and no credit is granted.... This does not mean that the trial court cannot modify the child support obligation to reflect the Social Security disability benefits." *Brown*, 849 N.E.2d at 616.

Educational assistance benefits Sarah receives because of Father's disability should be taken into account when and if the trial court makes an educational support order. Father's basic child support obligation is also subject to full or partial abatement to the extent it is duplicative of any educational support he is ordered to pay. *Borth v. Borth,* 806 N.E.2d 866, 871 (Ind. Ct.App.2004); *see* Ind.Code § 31–16–6–2(b) ("If the court orders support for a child's educational expenses at an institution of higher learning … the court shall reduce other child support for that child that is duplicated by the educational support order; and would otherwise be paid to the custodial parent."). Therefore, on remand, the trial court should determine the support Father owes for Sarah both during the school year and when school is not in session.

### Conclusion

The trial court properly determined that Sarah is not emancipated. However, the trial court erred in not giving Father credit toward his child support obligation for the social security disability benefits paid to his children. On remand, the trial court should determine the support Father owes for Austin as well as the support he owes, if any, for Sarah during the school year and also when school is not in session.

Affirmed in part, reversed in part, and remanded.

BAKER, J., and DARDEN, J., concur.