**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 09 2013, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CASEY D. CLOYD**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE:  THE PATERNITY OF J.M., | ) |
| | ) |
| | ) |
| Jo. M., Father, | ) |
| | ) |
|     Appellant-Respondent, | ) |
| | ) |
|     v. | )    No. 55A01-1210-JP-477 |
| | ) |
| M.J., Mother, | ) |
| | ) |
|     Appellee-Petitioner. | ) |
| | ) |

APPEAL FROM THE MORGAN CIRCUIT COURT
The Honorable Matthew G. Hanson, Judge
The Honorable Brian H. Williams, Magistrate
Cause No. 55C01-9308-JP-238

**April 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jo. M. (Father) appeals the order he pay educational support[1] for his daughter, J.M. We remand.

## FACTS AND PROCEDURAL HISTORY

J.M. was born to Father and M.J. (Mother) on January 28, 1993. Mother and Father never married, but Father established paternity. On June 12, 2012, the trial court found J.M. was emancipated because she was nineteen, and ordered Father to pay a child support arrearage of $10,127.26. Father was to pay $48.50 per week effective July 1.

On July 13, Mother and J.M. wrote to the court requesting Father be required to pay educational support for J.M., who was a full time student at Ivy Tech. The trial court held a hearing on the matter on September 27. On October 11 found "[Father's] child support obligation should be $75.00 per week plus an additional $20.00 per week on the child support arrearage[.]" (App. at 11.)

## DISCUSSION AND DECISION

Pursuant to Ind. Code § 31-14-11-3, a court may order a parent to pay:

(1) money for the child's education beyond grade 12, after the court has considered:
    (A) the child's aptitude and ability;
    (B) the child's reasonable ability to contribute to educational expenses through:
        (i) work;
        (ii) obtaining loans; and
        (iii) obtaining other sources of financial aid reasonably available to the child and the parent or parents; and
    (C) the ability of the parents to meet these expenses[.]

---

[1] The trial court's order is entitled, "FINDING AND ORDER RE: Educational Support Order." (App. at 11.) However, as is explained in this opinion, it is unclear what amount the trial court ordered Father to pay in educational support.

2

An order for educational support and an order for child support are "separate and distinct." *Orlich v. Orlich*, 859 N.E.2d 671, 676 (Ind. Ct. App. 2006). While the duty to support a child through child support terminates at age nineteen, with certain exceptions, an educational support order can continue past the child's emancipation. Ind. Code § 31-16-6-6(a).

> As part of its order, the trial court found:
>
> Other: Educational Support order for a child: The Court has prepared a child support obligation worksheet and finds that [Father's] child support obligation should be $75.00 per week plus an additional $20.00 per week on the child support arrearage starting, [sic] Friday September 28th, 2012. The order of educational support order/modification of support shall be retroactive to July 12th, 2012.

(App. at 11.) The trial court's order did not acknowledge or address the issue of J.M.'s emancipation.

Father argues the trial court abused its discretion when it ordered him to pay educational support for J.M. As we are unable to determine the nature of the order, we must remand for clarification. The order purports to establish Father's "child support obligation," but it cannot be an order for child support because the trial court had already emancipated J.M. If the order is one for educational support, it is unclear what was amount of educational support ordered and what was the amount Father was to pay to satisfy the child support arrearage. *See Orlich*, 859 N.E.2d at 676 (an order for educational support and an order for child support are "separate and distinct").

Therefore, we remand to the trial court for clarification of its order, to indicate the

3

nature of the order and what amount Father might be obliged to pay toward educational support and his child support arrearage.

Remanded.

BAKER, J., and MATHIAS, J., concur.