**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 28 2014, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JESSE CLEMENTS**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JESSE CLEMENTS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1308-CT-713 |
| | ) | |
| DAVINA CURRY, | ) | |
| | ) | |
| Appellee. | ) | |

**APPEAL FROM THE MARION SUPERIOR COURT**
The Honorable John F. Hanley, Judge
Cause No. 49D11-1107-CT-28895

**May 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Jesse Clements, *pro se*, appeals the trial court's denial of his motion to correct error following dismissal of his counterclaim and grant of summary judgment to Davina L. Curry and the Curry Law Firm, LLC (the "Plaintiffs"). Clements raises four issues which we consolidate and restate as:

I.      Whether the court erred in granting the Plaintiffs' motion to dismiss Clements's counterclaim;

II.     Whether the court erred in granting summary judgment in favor of the Plaintiffs.[1]

We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On July 28, 2011, the Plaintiffs filed a complaint against Clements alleging that they represented Ralph Albers in a suit and that Clements filed pleadings that were libelous *per se*. The lawsuit between Clements and Albers resulted in appeals. See Clements v. Albers, Nos. 49A05-1105-PL-257, 49A04-1201-PL-9 (Ind. Ct. App. June 25, 2012), trans. denied (with respect to cause number 49A05-1105-PL-257); Clements v. Albers, No. 49A02-0910-CV-1033 (Ind. Ct. App. May 5, 2010). In their complaint, the Plaintiffs referred to Clements's statements that he made in his appellant's brief in cause number 49A02-0910-CV-1033.

On September 22, 2011, Clements, *pro se*, filed an answer and counterclaim. As summarized in Clements's brief, his affirmative defenses included: "Truth; Self-Defense;

---

[1] Clements phrases his fourth issue as "[w]hether [he] was denied his fundamental right of due process of the law." Appellant's Brief at 1. Clements restates the issue in a heading on page 44 of his brief but does not include any argument following the heading. Consequently, this fourth issue is waived for failure to develop a cogent argument. See, e.g., Loomis v. Ameritech Corp., 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding argument waived for failure to cite authority or provide cogent argument), reh'g denied, trans. denied; Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.").

Public figure; Common Interest; Absence of Malice; Litigation Immunity; Opinion; Defamation-Proof Plaintiff; Failure to Mitigate; Public Concern; No Damages; Rhetorical hyperbole; Good Motive and Fair Comment; Unclean Hands; Failure to Request Retraction; Consent; Publications required by Law; Estoppel, Laches and Waiver; and Assumption of Risk." Appellant's Brief at 2-3 (citations omitted). In the counterclaim portion of his filing, Clements alleged damages for "Fraud on the Court (Independent action as authorized by [Stonger v. Sorrell], 776 N.E.2d 353, 356 (Ind. 2002) and its progeny), Abuse of process, Perjury, extortion, menace, violations of the FDCPA, Obstruction of Justice, Slander of Credit, attorney deceit statute, and damages under IC 34-52-1." Appellant's Appendix at 257.

On November 14, 2011, the Plaintiffs filed a Motion to Strike Counterclaim Pursuant to Trial Rule 12(B)(6). The Plaintiffs' motion referred to the May 5, 2010 opinion of the Court of Appeals. On November 29, 2011, Clements filed a response to the Plaintiffs' motion to strike.

On December 15, 2011, the court granted the Plaintiffs' motion to strike. Specifically, the court found that portions of Clements's counterclaim should be struck because they involved claims against individuals who were not parties to the cause of action, involved issues that had been previously litigated in a trial court and before the Court of Appeals, involved matters pending before the Court of Appeals, failed to state a claim upon which relief may be granted, and applied the Fair Debt Collection Practices Act which did not apply to Curry but applied to third parties who are attempting to collect a debt on behalf of another. On December 27, 2011, Clements filed an amended

3

counterclaim which alleged damages for "Fraud on the Court, violation under the FDCPA, Abuse of process, extortion, and damages under I.C. 33-43-1-8, and damages under I.C. 34-52-1-1." Id. at 18. On January 3, 2012, the Plaintiffs filed a motion to strike Clements's amended counterclaim, and the court granted the motion on January 30, 2012.[2]

Meanwhile, on December 9, 2011, the Plaintiffs filed a motion for summary judgment on all counts of their complaint. Following multiple motions by Clements requesting enlargements of time to respond to the Plaintiffs' motion for summary judgment and multiple grants of Clements's motions, the court eventually granted a final enlargement of time to and including June 29, 2012. On June 29, 2012, Clements filed a response to the Plaintiffs' motion for summary judgment and a motion for a summary judgment hearing.

On July 27, 2012, the court granted summary judgment to Plaintiffs. Specifically, the court found that Clements's statements were defamatory *per se*, were made with actual malice, and were published. The court also denied Clements's request for a hearing. Specifically, the court stated: "The Court hereby DENIES Clements' Request for a Hearing on Motion for Summary Judgment as Ind. T.R. 56 does not require a Court to schedule a hearing. Thus, under the circumstances, this Court using its discretion elects not to schedule a summary judgment hearing." July 27, 2012 Order at 1. The court also stated that it would address damages upon request of either the Plaintiffs or Clements.

---

[2] The record does not contain a copy of the Plaintiffs' motion to strike Clements's amended counterclaim.

On July 30, 2012, the Plaintiffs filed an affidavit and brief supporting an award of damages. On July 30, 2012, Clements filed a notice of intent to litigate. On August 22, 2012, the court approved an order setting a damages hearing. On August 27, 2012, Clements filed a motion to correct error and a motion for hearing. On August 28, 2012, Clements filed a notice of appeal. On September 21, 2012, the court denied Clements's motion to correct error. On October 22, 2012, a notice of appeal was filed with this court. On October 25, 2012, the Court of Appeals ordered Clements to show cause why his appeals should not be dismissed because it appeared that the trial court's orders were not final appealable judgments. On February 28, 2013, the Court of Appeals found that Clements failed to show cause and dismissed his appeal with prejudice.

On April 12, 2013, the court held a hearing on damages and the cause was continued due to the incapacity of Clements. A CCS entry dated April 16, 2013, indicates that the court scheduled a hearing for May 17, 2013, on the sole issue which remained pending, i.e., the Plaintiffs' damages resulting from the summary judgment order which was entered in favor of the Plaintiffs' on July 27, 2012.

On June 17, 2013, the court entered an order finding that the evidence of damages was too remote and speculative to warrant a finding beyond that of nominal damages and ordered Clements to pay one dollar plus costs of $137 for a total amount of $138. On July 17, 2013, Clements filed a fifty-three page "Motion to Correct Errors and Memoranda." Appellant's Appendix at 573. On July 22, 2013, the court denied Clements's motion to correct error. On August 21, 2013, Clements filed a notice of appeal.

5

DISCUSSION

Before discussing the issues, we note that, although Clements is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), trans. denied. This court will not "indulge in any benevolent presumptions on [their] behalf, or waive any rule for the orderly and proper conduct of [their] appeal." Ankeny v. Governor of State of Ind., 916 N.E.2d 678, 689 (Ind. Ct. App. 2009) (citation omitted), reh'g denied, trans. denied.

We also observe that the Plaintiffs did not file an appellees' brief. When an appellee fails to submit a brief, we do not undertake the burden of developing appellee's arguments, and we apply a less stringent standard of review, that is, we may reverse if the appellant establishes *prima facie* error. Zoller v. Zoller, 858 N.E.2d 124, 126 (Ind. Ct. App. 2006). In this context, *prima facie* error is defined as "at first sight, on first appearance, or on the face of it." Orlich v. Orlich, 859 N.E.2d 671, 673 (Ind. Ct. App. 2006). This rule was established so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. Wright v. Wright, 782 N.E.2d 363, 366 (Ind. Ct. App. 2002). However, questions of law are still reviewed *de novo*. McClure v. Cooper, 893 N.E.2d 337, 339 (Ind. Ct. App. 2008).

I.

The first issue is whether the court erred in granting the Plaintiffs' motion to dismiss Clements's counterclaim. A complaint may not be dismissed under Ind. Trial

6

Rule 12(B)(6) for failure to state a claim upon which relief can be granted unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief. McQueen v. Fayette Cnty. Sch. Corp., 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), trans. denied. We view motions to dismiss for failure to state a claim with disfavor because such motions undermine the policy of deciding causes of action on their merits. Id. When reviewing a trial court's grant of a motion to dismiss, we view the pleadings in a light most favorable to the nonmoving party, and we draw every reasonable inference in favor of that party. Id. We will not affirm a dismissal under Ind. Trial Rule 12(B)(6) unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances. Id.

Clements appears to argue that the trial court erred by dismissing his counterclaim. Specifically, Clements alleges that the court considered matters outside his counterclaim, failed to view his counterclaim in the light most favorable to him, failed to follow the dictates of Ind. Trial Rule 56, and failed to give him a hearing on the Plaintiffs' 12(B)(6) motion. Clements also argues that *res judicata* does not apply. Lastly, Clements argues that his claims are viable.

With respect to Clements's claim that the court did not hold a hearing on the Plaintiffs' 12(B)(6) motion, Clements concedes that the "the rules do not require a judge to give a litigant a hearing on a 12(B)(6) motion." Appellant's Brief at 21. Clements cites Ind. Judicial Conduct Rule 2.8 which is titled "Decorum, Demeanor, and Communication with Jurors." We do not find Clements's argument persuasive.

7

In his discussion of his FDCPA claim, Clements does not cite to any authority. In the portion of his brief addressing *res judicata*, Clements does not cite to the record. We cannot say that Clements develops a cogent argument related to the court's orders dismissing his counterclaim. Consequently, these arguments are waived. Loomis v. Ameritech Corp., 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding argument waived for failure to cite authority or provide cogent argument), reh'g denied, trans. denied; Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.").

II.

The next issue is whether the trial court erred in granting summary judgment in favor of the Plaintiffs. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); Mangold ex rel. Mangold v. Ind. Dep't of Natural Res., 756 N.E.2d 970, 973 (Ind. 2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. Mangold, 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. Id. In reviewing a trial court's ruling on a motion for summary judgment, we may affirm on any grounds supported by the Indiana Trial Rule 56 materials. Catt v. Bd. of Commr's of Knox Cnty., 779 N.E.2d 1, 3 (Ind. 2002). The entry of specific findings and conclusions does not alter the nature of a summary judgment which is a judgment entered when there are no genuine issues of material fact to be resolved. Rice v. Strunk, 670 N.E.2d 1280, 1283 (Ind. 1996). In the summary judgment context, we are not bound by the trial

8

court's specific findings of fact and conclusions of law. Id. They merely aid our review by providing us with a statement of reasons for the trial court's actions. Id.

Clements argues that he was improperly denied a hearing and cites Ind. Trial Rule 56(C) and Marion County LR49-TR5-203(c). He asserts that the Plaintiffs failed to allege that his statements were intentionally published, published to a third person, were facts, were stated with malice, or were understood by those that read them as having a defamatory imputation. He contends that none of the evidence designated by the Plaintiffs was sworn or certified, and states that "[i]mmunity was ineptly addressed by Curry indicating it did not apply because she was not a party and it had nothing to do with the 'underlying claims (Breach of Contract).'" Appellant's Brief at 36 (citations omitted). Clements argues that the court relied on some of his statements in the present litigation to support the idea that his prior statements constituted *per se* defamation.

With respect to whether Clements was improperly denied a hearing, Ind. Trial Rule 56(C) provides in part:

> An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits. The court may conduct a hearing on the motion. However, upon motion of any party made no later than ten (10) days after the response was filed or was due, the court shall conduct a hearing on the motion which shall be held not less than ten (10) days after the time for filing the response.

Marion County LR49-TR5-203(C) provides: "When an oral argument is requested, the request shall be by separate instrument and filed with the pleading to be argued. Any such oral argument requested may be heard at the discretion of the Court, except for motions for summary judgment which shall be set for hearing upon request of any party."

9

The record reveals that the Plaintiffs filed a motion for summary judgment on all counts of their complaint on December 9, 2011. Following multiple motions by Clements requesting enlargements of time to respond to the Plaintiffs' motion for summary judgment and multiple grants of Clements's motions, the court eventually granted a final enlargement of time to and including June 29, 2012. Ind. Trial Rule 56(I) provides that "[f]or cause found, the Court may alter any time limit set forth in this rule upon motion made within the applicable time limit." On June 29, 2012, Clements filed a response to the Plaintiffs' motion for summary judgment and a motion for summary judgment hearing. The trial court's order denying Clements's motion for a hearing fails to comply with Ind. Trial Rule 56 and Marion County LR49-TR5-203(C). We conclude that Clements has demonstrated *prima facie* error. See Otte v. Tessman, 426 N.E.2d 660, 661 (Ind. 1981) ("(P)rejudice is presumed on appeal where a trial court fails to follow the mandate of Trial Rule 56 . . . .") (quoting Otte v. Tessman, 412 N.E.2d 1223, 1231 (Ind. Ct. App. 1980) (Staton, J., dissenting)); Logan v. Royer, 848 N.E.2d 1157, 1159 n.6 (Ind. Ct. App. 2006) (noting that Ind. Trial Rule 56(C) was amended effective January 1, 2006, and that, under the new rule, "the court may hold a hearing on a motion for summary judgment, but is not required to unless one of the parties requests a hearing"); 22A STEPHEN E. ARTHUR & JEROME L. WITHERED, INDIANA PRACTICE § 36.28 (Supp. June 2013) ("Under the current rule, where any party may make a motion for a hearing no later than 10 days after the response was filed or due, [] the court 'shall' conduct a hearing on the summary judgment motion. The hearing shall be held no less than 10 days after the time for filing the response. Given the language incorporated in the current rule, it

appears that a summary judgment hearing is mandatory should any party make a timely request.") (footnote omitted). Accordingly, we reverse the trial court's entry of summary judgment and remand for a hearing.[3]

## CONCLUSION

For the foregoing reasons, we affirm the trial court's dismissal of Clements's counterclaim, reverse the trial court's grant of summary judgment, and remand for a hearing.

Affirmed in part, reversed in part, and remanded.

VAIDIK, C.J., and NAJAM, J., concur.

---

[3] We find some of Clements's arguments regarding the summary judgment to be waived for failure to develop a cogent argument and find that we need not address the other arguments because we remand.