## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 29 2016, 8:58 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Bradley J. Harris
New Castle, Indiana

### IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bradley J. Harris, | January 29, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 89A01-1505-CR-524 |
| v. | Appeal from the Wayne Circuit Court |
| State of Indiana, | The Honorable Gregory A. Horn, Special Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 89C01-0301-FC-001 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Bradley Harris appeals the trial court's denial of his motion for jail time credit. Because the Department of Correction (the DOC) applied Harris' 249-day pre-sentence confinement jail-time credit to his sentence, we affirm.

# Facts and Procedural History

[2] Harris was arrested on January 21, 2003, and incarcerated until May 1, 2003, which is one hundred days. After being out on bond, Harris was incarcerated from September 1, 2005, the date of his conviction, for two counts of Class A felony child molesting, until January 27, 2006, the date of his sentencing, which is an additional one-hundred and forty-nine days. At the time of sentencing, the trial court awarded Harris the two-hundred and forty-nine days of pre-sentence confinement jail-time credit that he had earned.

[3] At some point in 2015, Harris advised the Indiana Department of Correction (the DOC) that his two-hundred and forty-nine days of jail-time credit had not been applied to his sentence. Randy Short, a DOC classification-division representative, advised Harris that his credit had been properly applied, and that his earliest possible release date is May 23, 2016. In May 2015, Harris filed a motion for jail-time credit, which the trial court denied. Harris appeals.

# Discussion and Decision

[4]    At the outset we note that Harris proceeds *pro se*. A litigant who proceeds *pro se* is held to the rules of procedure that trained counsel is bound to follow. *Smith v. Donahue,* 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied, cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id.* When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of the appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[5]    We further note that the State has failed to file an appellate brief in this matter. In cases where the appellee fails to submit a brief, we will not undertake the burden of developing arguments on its behalf. *Orlich v. Orlich,* 859 N.E.2d 671, 673 (Ind. Ct. App. 2006). Instead, we apply a less stringent standard of review and will reverse upon a showing of prima facie error, which is error "at first sight, on first appearance, or on the face of it." *Id.*

[6]    Under Indiana Code section 35-50-6-4, "[a] person who is not a credit restricted felon and who is imprisoned for a crime or confined awaiting trial or sentencing is initially assigned to Class I" for the purposes of assigning credit. In Class I, a person "earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." Ind. Code § 35-50-6-3.

[7] Because pre-sentence jail-time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying credit. *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001). However, those sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Hoglund v. State*, 962 N.E.2d 1230, 1237 (Ind. 2012).

[8] Here, Harris claims that the trial court abused its discretion in denying his motion for jail-time credit. Specifically, he contends that the trial court should have granted the motion because the DOC did not apply his credit time to his sentence. In support of his contention, he directs us to a computer print-out that shows a zero under the column for adjusted earned credit time. Appellant's App. p. 7. However, our review of the print-out shows that the DOC did apply the 249 days to Harris' sentence. Specifically, the print-out lists the "initial action" date as May 23, 2005. The initial action date is the date the DOC uses to begin computing an offender's sentence. Harris' sentencing date was January 27, 2006, which is 249 days after the initial action date used by the DOC. Had the DOC used Harris' sentencing date as the initial action date and given him 249 days of credit for time served, his release date would be the same. In other words, the DOC used different dates to calculate the credit, but

the amount of the credit was the same either way, and Harris received it. The trial court did not abuse its discretion in denying Harris' motion.

[9] Affirmed.

Bailey, J., and Crone, J., concur.