## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2020, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dennis F. McCrosson
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Eugene Surface, <br><br> *Appellant-Defendant,* <br><br> v. <br><br> James Armstrong, <br><br> *Appellee-Plaintiff.* | December 30, 2020 <br><br> Court of Appeals Case No. 20A-SC-830 <br><br> Appeal from the Marion County Small Claims Court, Lawrence Division <br><br> The Honorable Kimberly J. Bacon, Judge <br><br> Trial Court Cause No. 49K03-1908-SC-3628 |

**Altice, Judge.**

## Case Summary

[1] James Eugene Surface appeals the denial of his motion to correct error, following the entry of a $2309.81 judgment in favor of James Armstrong. Although Surface admitted that he shot out Armstrong's vehicle window with a BB gun, he contends that the trial court abused its discretion in calculating damages and, therefore, the judgment must be set aside.

[2] We affirm.

## Facts and Procedural History

[3] On August 12, 2019, at approximately 1:30 p.m., Surface went to a Walmart parking lot in Lawrence and approached Armstrong, who was sitting in his parked GMC Yukon. The men did not know each other and never exchanged words. Surface drew a BB gun and shot out a window in Armstrong's vehicle. Surface then fled the scene in a Jeep Cherokee.

[4] Armstrong called 911 and immediately began chasing Surface. A short time later, Lawrence police officers stopped Surface's speeding vehicle. As Officer Derek Byerly approached the Jeep, Surface—the sole occupant in the vehicle— stated that he did not know why the officers stopped him.

[5] Officer Devin Randle, who was standing near the passenger side of Surface's Jeep, noticed a black and yellow cartridge containing BBs and a BB pistol on the seat. Surface was ordered from the vehicle and the officers seized the gun, BBs, and a $CO_2$ cartridge. The officers observed that the gun's safety mechanism was not engaged and the pistol was ready to fire. Surface admitted

that he was at the Walmart earlier, but denied any involvement in the incident. Although the officers completed a police report, no arrests were made.

[6] On August 21, 2019, Armstrong filed a small claims action against Surface seeking $6000 for damages to his vehicle, reimbursement for having his vehicle towed from his residence to a glass replacement company, and lost wages. At the small claims hearing that commenced on October 24, 2019, Armstrong testified that he worked as an independent contractor for a trucking company and missed three days of work because of the incident. The claimed missed days of work included the date of the incident, the day that his vehicle was towed to the auto glass repair company, and the day of trial. Armstrong offered "statements of account" into evidence from the XPO Logistics payroll company, establishing that he earned an average of $1500 per day when he worked. *Plaintiff's Exhibit* 1*, 3, 5.*

[7] Armstrong testified that there was a hole in the rear passenger window, the window had cracked and shattered, and shards of glass had fallen from the window and damaged the paint on the side of his vehicle. According to Armstrong, the numerous scratches to the side of his vehicle occurred when the pieces of glass fell from the broken window during the high-speed chase with Surface.

[8] Several photos of the damaged vehicle were admitted into evidence, and Armstrong presented a written estimate from a glass company for $153.48 for the window replacement. *Exhibits* 4, 6. Armstrong also testified that the rear

passenger door will have to be removed and reinstalled because a vacuum could not reach all the glass shards with the door intact. Armstrong presented estimates from two different auto painting companies. One was for $1519.68, and the other was for $851.36. He also provided a receipt in the amount of $95 for the towing charge.

[9] Surface did not object to the admission of Armstrong's exhibits or testimony. Following Armstrong's presentation of evidence, Surface argued that Armstrong could not have missed any work because of the incident, there was no way the window could have shattered, and the shards of glass from the window could not have scratched Armstrong's vehicle. Surface, however, admitted shooting out the window, stated it was "wrong," and that it was "the dumbest thing [he ever did in his] whole entire life." *Transcript* at 22.

[10] Thereafter, the trial judge and the parties walked to the courthouse parking lot where Armstrong's vehicle was inspected for damage. The trial court subsequently entered judgment for Armstrong in the amount of $2309.81. Surface filed a motion to correct error, challenging the damage award. The trial court denied the motion to correct error, and Surface now appeals.

## Discussion and Decision

[11] At the outset, we note that Armstrong has not filed an appellate brief. When an appellee fails to file a brief on appeal, we may reverse the trial court's decision if the appellant makes a *prima facie* showing of reversible error. *Universal Auto, LLC v. Murray,* 149 N.E.3d 639, 642 (Ind. Ct. App. 2020). In this context, *prima*

*facie* error is defined as error "at first sight, on first appearance, or on the face of it." *Orlich v. Orlich,* 859 N.E.2d 671, 673 (Ind. Ct. App. 2006).

[12] We employ a limited standard of review when addressing challenges to damage awards. *Prime Mortgage U.S.A., Inc. v. Nichols*, 885 N.E.2d 628, 655 (Ind. Ct. App. 2008). We do not reweigh evidence or judge the credibility of witnesses and consider only the evidence favorable to the award. *Crider & Crider, Inc. v. Downen*, 873 N.E.2d 1115, 1118 (Ind. Ct. App. 2007).

[13] The computation of damages is strictly a matter within the trial court's discretion. *Romine v. Gagle,* 782 N.E.2d 369, 382 (Ind. Ct. App. 2003), *trans. denied*. No degree of mathematical certainty is required in awarding damages, so long as the amount awarded is supported by evidence in the record. *Husainy v. Granite Mgmt.*, 132 N.E.3d 486, 494 (Ind. Ct. App. 2019).

[14] Although damages may not be awarded on the mere basis of conjecture, speculation, or guesswork, we will not reverse a damage award so long as the amount is within the scope of the evidence before the finder of fact. *L.H. Controls, Inc. v. Custom Conveyor, Inc.,* 974 N.E.2d 1031, 1043 (Ind. Ct. App. 2012). If there is any evidence in the record that supports the amount of the award, even if it is variable or conflicting, the award will not be disturbed. *Prange v. Martin,* 629 N.E.2d 915, 922 (Ind. Ct. App. 1994), *trans. denied*.

[15] In this case, Armstrong testified that he missed work on the day of the incident, the day that he had his vehicle towed to the auto glass repair company, and on the day of trial. Armstrong also testified that he earns approximately $1500 per

day as an independent contractor for a trucking company and presented "statements of account" and receipts from the payroll issuing company in support of his claim for lost income. *Plaintiff's Exhibit* 1, 3, 5.

[16] As for the damage to his vehicle, Armstrong testified that there was a hole in the rear passenger-side door window from the BB and shards of glass had fallen and damaged the paint and scratched his vehicle. Armstrong presented written estimates for all anticipated repair costs and presented a towing cost receipt. Finally, the trial judge inspected Armstrong's truck for damage following the presentation of evidence.

[17] Notwithstanding the evidence at trial, Surface contends that the judgment must be set aside because Armstrong's documentation in support of his damage claim was inconclusive and inconsistent and should not have been considered by the trial court. Surface also alleges that the falling glass could not have caused any scratches to Armstrong's truck and there was no reason to have the vehicle towed when there appeared to be only a "small hole" in the window. *Appellant's Brief* at 11.

[18] Surface's arguments that the judgment is not supported by the evidence is a request for this court to reweigh the evidence, which we will not do. *See Steele-Giri v. Steele*, 51 N.E.3d 119, 124 (Ind. 2016). In short, the damage award was within the scope of the evidence presented at trial. Thus, we decline to set aside the judgment.

[19] Judgment affirmed.

Riley, J. and May, J., concur.